Robert MOATES, Petitioner,

v.

Wayne BARKLEY, Respondent.

No. CV–96–1566.

United States District Court, E.D. New York.

June 10, 1996.

Robert Moates, Ogdensburg, New York, pro se.

Ann Bordley, Assistant District Attorney, Brooklyn, New York, for respondent.

*MEMORANDUM and ORDER*

GLASSER, District Judge:

The petitioner has moved this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 claiming that he was twice put in jeopardy for the same offense. This is the sixth petition for relief pursuant to that stat-

ute filed by this petitioner with this court and the seventeenth application for post-conviction relief filed in this and the state courts. The history of his persistent litigation has been set out in some detail in a Memorandum and Order in CV 92–3584 issued by this court on May 21, 1996 by which his fifth application was dismissed as an abuse of the writ.

In this petition, he asserts the same double jeopardy claim he has asserted in virtually all of his prior petitions. For all the reasons recited in the aforementioned Memorandum and Order which are incorporated herein by reference, this petition is dismissed as a repeated abuse of the writ. Rule 9(b), Rules Governing § 2254 Cases In The United States District Courts.

The respondent would have the petition dismissed for the additional reason provided by the enactment of the "Antiterrorism and Effective Death Penalty Act of 1996", Pub.L. 104–132, 110 Stat. 1214, § 106 of which amended 28 U.S.C. § 2244(b) by adding subdivision (3)(A) which reads:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

The petitioner not having obtained the required prior authorization, the respondent contends that the petition should therefore be dismissed. The new law presumptively became effective on April 24, 1996 when the President signed it, absent an effective date expressly provided by the statute, *United States v. Ferryman,* 897 F.2d 584 (1st Cir.), cert. denied, 498 U.S. 830, 111 S.Ct. 90, 112 L.Ed.2d 62 (1990). This petition was filed on March 18, 1996. Although procedural rules in effect at the time of decision but not in effect when the suit was commenced may generally be applied without raising concerns of retroactivity, *see Landgraf v. USI Film Products,* 511 U.S. 244, ——, 114 S.Ct. 1483, 1502, 128 L.Ed.2d 229 (1994), given the incontrovertible abuse of the writ, there is no need to reach that issue.

Echoing Justice Holmes' "Three generations of imbeciles are enough," *Buck v. Bell,* 274 U.S. 200, 207, 47 S.Ct. 584, 585, 71 L.Ed. 1000 (1927), seventeen post-conviction petitions are enough. The single-mindedness with which this petitioner has pursued what can only be described as an assault upon the judicial processes of the state and federal courts compels the addition of the following to the dismissal of his petition:

Robert Moates is hereby permanently enjoined and restrained from filing, bringing, or otherwise instigating any action in the federal court seeking relief whether by petition for a writ of habeas corpus or otherwise, arising out of his convictions in 1975 of Burglary in the Second Degree, Unlawful imprisonment in the First Degree and Murder in the Second Degree in the Supreme Court of the State of New York, Kings County, unless a Magistrate–Judge grants leave. The Magistrate Judge will not grant such leave without having first examined the Memorandum and Order of this Court in CV 92–3584, dated May 21, 1996, captioned *Moates v. Walker,* together with this one, and upon such examination is convinced that his attempted filing, which will refer to these orders, has merit and is not duplicative.

In issuing this injunction, *sua sponte,* the court is mindful of *Board of Managers of 2900 Ocean Avenue Condominium v. Bronkovic,* 83 F.3d 44 (2d Cir.1996) in which that court wrote: "Because the [district] court enjoined further filings and removals to the Eastern District *sua sponte* without giving defendants notice or an opportunity to be heard, our precedent requires that we reverse and remand so that the district court may conduct such a hearing. *In the Matter of Hartford Textile Corp.,* 613 F.2d 388 (2d Cir.1979)." In the face of that holding, this court may appear to be recalcitrant in issuing this order *sua sponte,* although it intends to be neither disrespectful nor recalcitrant. The observance of a requirement, *in this case,* that Moates be given notice and an opportunity to be heard would only compound the abuse of the judicial process and further needlessly tax the resources of the court by imposing upon it an eighteenth proceeding, the outcome of which is certain. It is an ancient maxim that "the law does not require the doing of a vain and useless

thing." *See, e.g., Board of Supervisors v. Fleming,* 265 F.2d 736, 738 (5th Cir.1959). The need for notice and an opportunity to be heard is also believed to be unnecessary since the continuous dismissals of his petitions for relief based upon the same grounds "has failed to impress upon [Moates] the impropriety of his actions" and, I would add, the futility of them. *See Polur v. Raffe,* 912 F.2d 52, 57 (2d Cir.1990); *Golub v. University of Chicago,* 1992 WL 333641, \* 3 (E.D.N.Y. 1992).

The inherent power of the court to manage its own affairs so as to achieve an orderly and expeditious disposition of its cases has long been recognized. *See Chambers v. NASCO, Inc.,* 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). That power includes the power to dismiss a case, *sua sponte,* for failure to prosecute. *Link v. Wabash R.R. Co.,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Such a dismissal is regarded as on the merits and bars a second attempt to litigate that claim by the doctrine of *res judicata. See, e.g., Kimmel v. Texas Commerce Bank,* 817 F.2d 39 (7th Cir.1987). It is difficult to discern a meaningful distinction between a *sua sponte* dismissal for failure to prosecute and the *sua sponte* injunction issued on the facts of this case. In either case, a party is effectively precluded from continuing to litigate.

SO ORDERED.