**William Nelson RIVERA,[1] Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. 96 Civ. 3423 (DNE).

United States District Court, S.D. New York.

June 18, 1996.

---

1. Although petitioner spells his surname in the instant petition as "Riveria," this spelling appears to be an error. The docket sheet for the criminal case underlying petitioner's conviction spells petitioner's surname as "Rivera." In all of his previous submissions to this Court, petitioner has spelled his surname as "Rivera." Moreover, petitioner used the surname "Rivera" when he filed a Notice of Appeal with the United States Court of Appeals for the Second Circuit. In addition, petitioner brought a 28 U.S.C. § 2255 motion in this Court under the name "Rivera," and petitioner recently brought a motion in this Court pursuant to 8 U.S.C. § 1252(h)(a) using the name "Rivera."

Because the spelling of petitioner's surname in the instant petition appears to be an error, this Court will refer to petitioner as "Rivera" and has captioned the instant case accordingly.

William Nelson Rivera, pro se.

### MEMORANDUM & ORDER

EDELSTEIN, District Judge:

Petitioner William Nelson Rivera ("petitioner" or "Rivera"), *pro se,* brings this motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255 (§ 2255).[2] Petitioner's motion is denied because it is both procedurally barred and meritless.

### BACKGROUND

On May 9, 1988, petitioner pleaded guilty to a one-count Superseding Information charging him with conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846. At sentencing, this Court ruled that petitioner's offense level be increased by two levels for possession of a gun during the commission of his offense, pursuant to United States Sentencing Guidelines ("USSG") § 2D1.1(b)(1) (Oct. 1987), and by an additional two levels because of petitioner's role as a supervisor in his offense, pursuant to USSG § 3B1.1(c). This Court sentenced petitioner to a one-hundred-and-thirty-five-month term of incarceration and imposed a fine of $182,335. *See* Sentencing Hearing Transcript, *United States v. Rivera,* S 88 Cr. 204 (DNE), 1993 WL 437791 (S.D.N.Y. July 29, 1988), at 15–16.

Petitioner's trial counsel filed a notice of appeal. On October 27, 1988, the Court of Appeals for the Second Circuit dismissed the appeal on the ground that petitioner had defaulted by failing timely to submit any papers in support of his appeal. *See United States v. Rivera,* No. 88–1339 (2d Cir. Oct. 27, 1988).

Thereafter petitioner moved this Court, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence. Petitioner challenged, among other things, the two-level increase in his offense level for possession of a gun during the commission of his offense.

In an Opinion and Order dated July 24, 1995 ("the July 1995 Opinion") this Court denied petitioner's motion. *See Rivera v. United States,* 893 F.Supp. 1238 (S.D.N.Y. 1995). This Court found that petitioner's claim regarding the upward adjustment for possession of a gun was both procedurally barred and meritless.

On April 11, 1996, petitioner filed the instant § 2255 motion. In this petition, Rivera once again challenges the upward adjustment that this Court imposed for possession of a firearm. Petitioner contends that this upward adjustment was an error because:

(1) The weapon was not present at the time of Riverias [sic] arrest in New York, and the weapon was at his apartment in New Jersey. (2) The firearm in question was located at Riverias apartment during the two telephone conversations that took place between him and another individual in North Carolina, which is clearly improbable that the weapon was connected to the two conversations that took place between parties that were several hundred miles apart. (3) The firearm was at all times unloaded in the bedroom closet. (4) There is and was never any showing by the government that Riveria [sic] ever had any intent to use the weapon for the purpose of a drug transaction.

*Id.* at 1.

### DISCUSSION

■ As an initial matter, it must be determined whether Rivera must obtain certifica-

---

**2.** In relevant part, § 2255 states:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

*See also* Rules Governing Section 2255 Proceedings in the United States District Courts, Rule 1 advisory committee's· note (comparing § 2255 motion with writ of habeas corpus).

tion from a panel of appellate judges—as required by the recent amendments to § 2255—before he can bring the instant motion. On April 24, 1996, the President of the United States signed into law the "Antiterrorism and Effective Death Penalty Act of 1996." Among other things, this law amended the provisions of 28 U.S.C. § 2255 that address successive § 2255 motions. Prior to the April 24 amendments, 28 U.S.C. § 2255 stated that "[t]he sentencing court shall not be required to entertain a second or successive [§ 2255] motion for similar relief on behalf of the same prisoner." The amended version of this statute states:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Because Rivera filed the instant petition on April 11, 1996, the issue arises as to whether the certification procedure prescribed by the April 24, 1996, amendments applies in the instant case. This Court's research indicates that there is no uniform answer to this question. The Ninth Circuit held that a petitioner who filed his petition prior to April 24, 1996, need not obtain a certificate. *Williams v. Calderon,* 83 F.3d 281, 285 (9th Cir.1996). In contrast, the United States District Court for the Eastern District of New York recently noted that it may be appropriate to apply the certification-requirement to petitions that were filed prior to April 24, 1996, because "procedural rules in effect at the time of decision but not in effect when the suit was commenced may generally be applied without raising concerns of retroactivity." *Moates v. Barkley,* 927 F.Supp. 597, 598 (E.D.N.Y. 1996) (citing *Landgraf v. USI Film Prod.,* 511 U.S. 244, ——, 114 S.Ct. 1483, 1502, 128 L.Ed.2d 229 (1994)). The *Moates* court con-

tinued to state, however, that in light of the fact that the petition was an "incontrovertible abuse of the writ, there is no need to reach that issue." *Id.* Like the petition in *Moates,* the instant petition is an abuse of the writ, and accordingly this Court need not reach the issue of whether petitioner should obtain a certificate.

■ The instant petition must be denied for the same reasons that this Court denied petitioner's previous § 2255 motion. *Rivera,* 893 F.Supp. 1238. As previously mentioned, petitioner filed a previous § 2255 motion, which challenged the upward adjustment of petitioner's sentence for possession of a gun. In denying Rivera's previous petition, this Court found that his petition was procedurally barred. This Court noted that "although petitioner filed a notice of appeal, he defaulted on his appeal by failing timely to submit papers in support of his appeal." *Id.* at 1242. Quoting *Billy–Eko v. United States,* 8 F.3d 111, 114 (2d Cir.1993), this Court stated that "a petitioner who fails to raise a claim on direct appeal cannot raise that claim on a § 2255 motion 'unless he can establish both cause for the procedural default and actual prejudice resulting therefrom.'" *Id.* at 1241. This Court held that petitioner was procedurally barred from challenging the enhancement of his sentence for possession of a firearm because petitioner failed to raise that claim on direct appeal and because "regardless of whether petitioner could establish cause for his procedural default, he cannot meet his burden of establishing that he has been prejudiced because … [his claim is] without merit." *Id.* at 1242.

The July 1995 Opinion proceeded to find that "under the law of this circuit, petitioner's claims regarding purported errors at sentencing are not cognizable under § 2255." *Id.* at 1243. That opinion further found that even if petitioner had raised a cognizable claim under § 2255, his claim was meritless. *Id.* This Court found that "[w]hile it is true that petitioner was arrested several miles from his apartment where the gun was located … the Government presented persuasive evidence that petitioner was in possession of a gun during negotiations with his co-conspirators—*i.e.* during the course of the con-

spiracy to which petitioner pleaded guilty." *Id.* This Court concluded that "[t]his Court's ruling that the presence of the gun in petitioner's apartment warranted the two-level sentence enhancement pursuant to USSG § 2D1.1(b)(1) was, therefore, fully supported by the record." *Id.* at 1243–44 (citations omitted).

In the instant petition, Rivera raises the same claim that he did in his previous petition—that this Court erred in imposing a two-level sentence enhancement for possession of a firearm. Petitioner apparently has ignored this Court's July 1995 Opinion because he makes no attempt to explain: (1) why the instant petition is not procedurally barred for failure to raise petitioner's claim on direct appeal; (2) why the petition should not be denied because petitioner has failed to allege a cognizable wrong under 28 U.S.C. § 2255; or (3) why the petition is not meritless for the reasons set forth in the July 1995 Opinion. Petitioner has raised the same argument that this Court considered and rejected in the July 1995 Opinion. Accordingly, this Court holds that the instant petition must be denied for the same reasons that this Court denied petitioner's previous § 2255 claim that this Court erred in imposing a two-level enhancement pursuant to USSG § 2D1.1(b)(1).

*CONCLUSION*

IT IS HEREBY ORDERED that petitioner's motion pursuant to 28 U.S.C. § 2255 is DENIED.

SO ORDERED.

