Frances L. COLEMAN and Howard R. Coleman, Plaintiffs,

v.

Jerzy DYDULA and Alicija Dydula, Defendants.

No. 96–CV–244C(H).

United States District Court, W.D. New York.

June 27, 1997.

John J. Fromen, Buffalo, NY, for Plaintiffs.

Stanley J. Sliwa, Sliwa & Lane, Buffalo, NY, for Defendants.

## ORDER

HECKMAN, United States Magistrate Judge.

This case has been referred to the undersigned by the Hon. John T. Curtin for pretrial matters pursuant to 28 U.S.C. § 636(b)(1 )(A) and (B). Pending before this court is defendants' motion for expenses incurred in bringing a motion to compel discovery (Item 8). For the reasons that follow, the motion is granted in part.

## BACKGROUND

This is a diversity action for personal injuries and property damage arising from an automobile collision that occurred in Buffalo, New York on March 17, 1993, between Frances Coleman, a New York State citizen, and Jerzy Dydula, a citizen of Ontario, Canada. There were no passengers in either vehicle.

Numerous discovery disputes have arisen to date, as evidenced by the volume of correspondence on file, both between the parties and addressed to the court. On January 28, 1997, defendants filed a motion to compel (Item 8), seeking responses to interrogatories· and document demands that had been served on plaintiffs approximately nine months earlier. At the same time, defendants moved for expenses incurred in bringing the motion (Item 8). A hearing was held on May 2, 1997, after which defendants' motion to compel was granted in part and denied in part. Specifically, defendants' motion was granted as to sixteen of the eighteen interrogatories in dispute, and as to the single document demand then in dispute.

On April 7, 1997, defendants' attorney submitted an affidavit and supporting time sheets and invoices seeking $ 3,337.50 in fees, plus $ 597.84 in disbursements associated with bringing the motion to compel. Plaintiffs opposed the application for expenses, and this court held a hearing on the matter on May 30, 1997. Plaintiffs' arguments are addressed below.

## DISCUSSION

### I. Awarding Expenses under Rule 37.

The broad scope of discovery outlined by the Federal Rules of Civil Procedure is designed to achieve disclosure of all the evidence relevant to the merits of a controversy. See Fed.R.Civ.P. 26(b)(1); *Advisory Committee's Explanatory Statement Concerning Amendments of the Discovery Rules,* 48 F.R.D. 487, 497–508 (1970). In fact, the 1970 amendments to the discovery rules were designed so that discovery could proceed with a minimum of court intervention. *Advisory Committee's Statement, supra,* 48 F.R.D. at 488. To that end, and for the purpose of deterring frivolous requests for or objections to discovery, Rule 37(a)(4) was amended to *require* that expenses be awarded on a motion to compel, absent a finding that the losing party's position is substantially justified. Advisory Committee's Notes on 1970 Amendments to Fed.R.Civ.P. 37(a)(4).

Rule 37(a)(4)(A) states in pertinent part:

If the motion [to compel] is granted . . . . the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that.. the opposing party's nondisclosure, response or objection was substantially justified, or that oth-

er circumstances make an award of expenses unjust.

In the event that a motion is granted in part and denied in part, the court may "apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner." Fed.R.Civ.P. 37(a)(4)(C).

■ Thus, unless some special circumstance exists, the losing party can avoid paying expenses only if his or her actions were substantially justified. "Substantially justified" does not mean " 'justified to a high degree, but rather has been said to be satisfied if there is a 'genuine dispute,' " over a legal issue, *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988) (citing Advisory Committee's Notes on 1970 Amendments to Fed.R.Civ.P. 37(a)(4); *Quaker Chair Corp. v. Litton Business Systems, Inc.,* 71 F.R.D. 527, 535 (S.D.N.Y.1976)), or "if reasonable people could differ as to whether the party [from whom discovery is] requested must comply," *Reygo Pacific Corp. v. Johnston Pump Co.,* 680 F.2d 647, 649 (9th Cir.1982); see also 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, pp. 665–66.

## II. Plaintiffs' Justification for Nondisclosure.

Plaintiffs submit that their objections to defendants' interrogatories, as set forth in their answer to the interrogatories (Item 8, Ex. 2) and their brief in support of a cross-motion to compel (Item 21) are based on solid legal reasoning and are "substantially justified." I disagree.

■ For example, as I noted at the May 2, 1997 hearing on defendants' motion, plaintiffs stated reasons for nondisclosure with respect to interrogatory 10 are frivolous and without legal basis. Interrogatory 10 seeks the name, address and specialty of each medical practitioner who examined the plaintiff, the date of each examination, and the condition treated. Plaintiffs object on the grounds that the request is overly broad and oppressive and that the term "medical practitioner" is vague and undefined.

Following the automobile accident at issue, plaintiff Frances Coleman also suffered a fall in her home for which she received medical treatment. Defendants' interrogatory is aimed at identifying those medical records that relate to injuries allegedly suffered in the collision. Plaintiffs contend that defendants have possession of *all* of Ms. Coleman's medical records and can compile this information themselves. While it is true that defendants now have Ms. Coleman's records, it is noted that they were obtained by subpoena after plaintiffs failed to respond to defendants' document demand for same. Document demand 2 requested only those records *related to this action.* Thus, had plaintiffs responded to the document demand, there would be no need to distinguish those records now. Plaintiffs have no ground for both failing to respond to document demand 2 and objecting to interrogatory 10. Therefore, any burden now complained of is of their own making. Further, plaintiffs objection to the term "medical practitioner" is unwarranted and fails to raise any genuine issue of dispute.

■ Plaintiffs objection to interrogatory 20 is likewise frivolous. Interrogatory 20 asks, "[d]oes Plaintiff, Frances Coleman, claim that the injuries sustained in the accident caused *her* to limit or cease *his* participation in any hobbies or any other form of recreation [emphasis added]?" Plaintiffs object on the ground that the discrepancy in the pronouns make the question ambiguous and that the terms "hobbies" and "recreation" are undefined and subject to varied interpretations. There is simply no basis for failing to answer this interrogatory because of what is clearly a typographical error. Further, I find that reasonable persons can not disagree as to the meaning of the terms "hobbies" and "recreation," and plaintiffs do not raise any "genuine dispute" in this regard.

■ Plaintiffs note that at oral argument on the motion to compel, this court specifically characterized only their objections to interrogatories 10 and 20 as frivolous. They go on to conclude that, while the court ruled against them with respect to fourteen other interrogatories, their objections to those in-

terrogatories must have been determined to be "substantially justified." That is not the case.

For example, interrogatory 11 is similar to interrogatory 10 in that it seeks information regarding Ms. Coleman's hospitalizations following the accident. Again, plaintiffs have no basis for both failing to respond to document demand 2 and objecting to interrogatory 11 as overly broad and burdensome. In addition, plaintiffs do not provide any explanation for their failure to respond to interrogatories 17(d), 18(a), 18(e), 18(f), 18(g), 23(b), 23(c), 23(d), and 23(f).

In sum, this court finds that, with the exception of the two interrogatories which were decided in plaintiffs' favor, the objections to defendants' discovery requests are not based on any genuine dispute over a legal issue and are therefore not substantially justified. Accordingly, an award of expenses incurred in bringing the motion to compel is warranted in this case.

## III. Reasonableness of Expenses Claimed.

The plaintiffs in this case also argue that the attorney's fees and disbursements claimed are excessive.

### A. Attorney's Fees.

In determining reasonable attorney's fees, the district court must calculate a "lodestar" figure based upon the number of hours reasonably spent by counsel times a reasonable hourly rate. *Cruz v. Local Union No. 3 of Int'l Bhd.*, 34 F.3d 1148, 1159 (2d Cir.1994). The party claiming fees bears the burden of documenting the hours reasonably spent by counsel, and the reasonableness of the hourly rates claimed. *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983).

Plaintiffs do not dispute the reasonableness of the rates charged by defendants' attorney and his staff,[1] but they do challenge the 39.25 hours of billable time claimed. At oral argument, plaintiffs' attorney took issue

with the time records submitted, arguing that many of the charges were duplicative and unwarranted.

Defendants' attorney's fees can be categorized as follows:

| | Hours | Charge |
|---|---|---|
| Prepare motion papers and related documents: | 8.1 | $ 810.00 |
| Review plaintiffs' responses and cited cases | 7.5 | $ 750.00 |
| Legal research | 15.0 | $ 980.00 |
| Prepare for and attend oral argument | 8.65 | $ 865.00 |
| | 39.25 | $3,405.00 |

When reviewing a fee application, the court must examine the particular hours expended "with a view to the value of the work product of the specific expenditures to the client's case." *Luciano v. Olsten Corp.*, 109 F.3d 111 (2d Cir.1997) (citations omitted). The court should then exclude from the lodestar calculation any expenditure of time that it concludes was unreasonable. *Hensley, supra*, 461 U.S. at 434, 103 S.Ct. at 1939–40; *Lunday v. City of Albany*, 42 F.3d 131, 133 (2d Cir.1994).

In the present case, the contemporaneous time records submitted by defendants' attorney comply with the legal requirements for such documents by describing the services rendered by dates, hours and attorneys performing the work. *New York State Assoc. for Retarded Children Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir.1983). However, a review of these records indicates that certain charges are redundant. In addition, the court believes that the issues raised on this motion do not warrant the number of hours attributed to it.

The court is not required to set forth item-by-item findings concerning what may be numerous objections to individual billing items. *Lunday, supra*, 42 F.3d at 135. In this case, however, some specificity is possible because of the limited number of objections raised. Accordingly, the hours claimed for bringing the motion are reduced as follows:

---

1. Defendants' attorney charged $100.00/hr. for his own time, $95.00/hr. for an associate, and $55.00/hr. for a law clerk.

The review of plaintiffs' responses to the interrogatories that was conducted on February 3, 1997 is reduced from 1.5 hours to 1.0 hour (-$50.00). Between February 4, 1997 and May 1, 1997, defendants claim 15 hours of legal research in connection with plaintiffs' responses to interrogatories. A reasonable amount of time would be 3.5 hours (-$665.00).[2] The court also agrees with plaintiffs' assertion that the .5 hours spent by Mr. Sliwa to determine whether the medical records in this case are "extremely voluminous" was unnecessary (-$50.00). Finally, defendants claim a total of 6.5 hrs. to prepare for two oral arguments related to this motion. However, that preparation includes reviewing case authority that was previously reviewed and analyzed. Therefore, the preparation time is reduced to 2.0 hrs. (-450.00).

In sum, this court determines that a reasonable amount of time in bringing this motion would be 22.25 hours. At the rates charged, the total is $2,190.00.

### B. Disbursements.

Defendants claims the following disbursements are related to bringing the motion to compel: Westlaw research charges of $ 524.87 (Item 25, Ex. 2), photocopy charges of $ 24.97(Id.), transcript fee of $ 48.00 (no invoice provided). Plaintiff objects to the Westlaw charges on the ground that the databases searched are readily available in other formats at no charge. I agree.

Defendants claim that Westlaw research was necessary because Mr. Sliwa does not have a complete set of the Federal Rules Decisions at his firm. However, as plaintiffs note, these volumes are available at the State Supreme Court library where the cases could have been printed from CD–ROM at no charge. This court also notes that the library at the Federal Courthouse and the Law Library at the University at Buffalo shelve these volumes as well. This court will not require plaintiffs to pay for an item of convenience for Mr. Sliwa when alternatives were readily available.

Plaintiffs have not raised any objections to the remaining disbursements. Accordingly, I find that defendants' remaining disbursements of $72.97 are not unreasonable.

### IV. Proportional Reduction of Award.

Finally, plaintiffs argue that, because they prevailed with respect to two of the interrogatories at issue, any award of expenses should be reduced proportionally.

Where a motion to compel has been granted in part and denied in part, Rule 37(a)(4)(C) provides the court discretion in apportioning expenses. However, I find that such apportionment is not appropriate in the present case.

While it is true that plaintiffs prevailed on two interrogatories, there were a total of eighteen interrogatories and one document demand at issue. It is clear, therefore, that defendants substantially prevailed on this motion. Further, as discussed above, this court did not find any of plaintiffs objections on the remaining interrogatories to be substantially justified. Finally, defendants demonstrated that they made good faith attempts to resolve the discovery disputes prior to bringing a motion.

### CONCLUSION

For the reasons set forth above, the defendants' motion for attorney's fees and disbursements (Item 8) is granted in the amount of $2,262.97.

**SO ORDERED.**

---

**2.** The 3 hrs. spent by Mr. Sliwa at $100/hr. is reduced to 1.5 hrs, the .5 hrs. spent by his associate at $95.00/hr. is deleted, and the 11.5 hrs. attributed to a law clerk at $55/hr. is reduced to 2 hrs.