Donovan BLISSETT, Plaintiff–Appellee,

v.

Sgt. CASEY, Sgt. Greene, Timothy Mulhall, and A. Connors, R.N. Medical Dept., Defendants–Appellants.

No. 1126, Docket 97–2459.

United States Court of Appeals, Second Circuit.

Argued Feb. 17, 1998.

Decided June 25, 1998.

Martin A. Hotvet, Assistant Attorney General, Albany, NY (Dennis C. Vacco, Attorney General of the State of New York, Peter H. Schiff, Deputy Solicitor General, Peter G. Crary, Assistant Attorney General, Albany, NY, of counsel), for Defendants–Appellants.

Stanley L. Cohen, New York City (Claudia A. Smith, Kingston, NY, James J. Burns, Albany, NY, of counsel), for Plaintiff–Appellee.

Before: McLAUGHLIN and LEVAL, Circuit Judges, and SAND, District Judge.*

LEVAL, Circuit Judge:

This appeal raises the question whether the attorneys' fee provisions of the Prisoner Litigation Reform Act ("PLRA" or "Act"), 42 U.S.C. § 1997e(d), must be applied to all awards of attorneys' fees under 42 U.S.C. § 1988 in prisoner civil rights litigation made after the effective date of the Act. Plaintiff Donovan Blissett prevailed in an action under 42 U.S.C. § 1983 in the United States District Court for the Northern District of New York. The district court awarded him fees under § 1988 and rejected defendants' contention that the PLRA provided an obligatory limit on the fees because the award was entered subsequent to the effectiveness of the Act. We affirm.

---

* The Honorable Leonard B. Sand, United States District Judge for the Southern District of New York, sitting by designation.

1. Because Congress did not expressly provide an effective date, the Act presumptively became effective on the date the President signed it into

## BACKGROUND

Plaintiff, a New York State prisoner serving a sentence for murder in the second degree, brought a civil rights action under 42 U.S.C. § 1983 on February 28, 1983, against state corrections officers, alleging the officers violated his Eighth Amendment rights by assaulting him, subjecting him to racial slurs, and injecting him with a tranquilizer. Plaintiff filed his complaint without assistance of counsel. On November 5, 1991, the district court appointed James J. Burns, an attorney, to represent plaintiff *pro bono publico*. During the course of the representation, plaintiff acquired funds and thus became ineligible for *pro bono* representation. Burns moved to be relieved, and on January 31, 1996, the court granted the motion. In March 1996, plaintiff retained the services of attorneys Stanley L. Cohen and Claudia A. Smith.

On April 26, 1996, the President signed the PLRA into law.[1] This Act, as further described below, places substantial limitations on the awards of attorneys' fees to prisoner plaintiffs under 42 U.S.C. § 1988. At the time the Act became law, Burns had completed 100 percent of his work on plaintiff's behalf, and Cohen and Smith had completed approximately 15 percent of the time they would ultimately work for plaintiff.

Cohen and Smith eventually presented their client's case at the trial, which occurred between July 1 and July 8, 1996. The jury found for plaintiff; it awarded $5,600 in compensatory damages and $79,981 in punitive damages. The district court remitted the punitive damage award to $22,978.

Plaintiff then moved for an order requiring defendants to pay plaintiff's attorneys' fees pursuant to § 1988. It is undisputed that plaintiff's application is inconsistent with the limitations prescribed by the PLRA. The defendants opposed the plaintiff's application, contending that the PLRA must be applied. The district court rejected the defendants' position and awarded $93,403.35 in fees, to be

---

law. *See United States v. Ferryman,* 897 F.2d 584, 589 (1st Cir.1990), *cert. denied,* 498 U.S. 830, 111 S.Ct. 90, 112 L.Ed.2d 62 (1990); *Moates v. Barkley,* 927 F.Supp. 597, 598 (E.D.N.Y.1996).

divided among attorneys Burns ($40,749.75), Cohen ($19,515.00), and Smith ($33,138.75). *See Blissett v. Casey,* 969 F.Supp. 118, 134–35 (N.D.N.Y.1997).

## DISCUSSION

The attorneys' fees provisions of the PLRA, contained in 42 U.S.C. § 1997e(d),[2] impose substantial restrictions on awards of fees under 42 U.S.C. § 1988[3] in favor of plaintiffs in prisoner civil rights litigation. For example, paragraph (2) requires that a portion of the judgment awarded to the prisoner plaintiff, not exceeding 25 percent, shall be applied to the payment of attorneys' fees awarded against the defendant. The excess is to be paid by the defendant "[i]f the award ... is not greater than 150 percent of the judgment." 42 U.S.C. § 1997e(d)(2). Thus, while the pre-existing § 1988 provided for an award against the losing party of a reasonable attorneys' fee of the prevailing party, the Act requires that up to 25 percent of the plaintiff's judgment be used to pay the fee awarded against the defendant, and appears (in unclear language) to provide that the balance is not to be borne by the defendant to the extent it exceeds 150 percent of the judgment.

The Act is silent as to whether or how its limitations should be applied where plaintiff's attorneys performed work before the Act became effective but the award of fees occurred after the effective date. Four broad approaches might govern such cases. First, the PLRA could be applied to all awards of fees entered after the effective date of the Act. Defendants advocate this rule on appeal and ask us to vacate the award of fees simply because it was made after the effective date of the Act, but did not comply with it. The Fourth Circuit adopted this rule in *Alexander S. v. Boyd,* 113 F.3d 1373, 1377 (4th Cir.1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 880, 139 L.Ed.2d 869 (1998)(holding that the PLRA attorneys' fees provisions apply to all awards made after the effective date of the Act, regardless when the work was performed). Second, the PLRA could be held not to apply if the plaintiff's attorneys filed their appearance (or began the representation) before the enactment. *See Hadix v. Johnson,* 143 F.3d 246, 252 (6th Cir.1998). Third, the PLRA might be applied to post-enactment work but not to work done before its enactment. *See Williams v. Brimeyer,* 122 F.3d 1093, 1094 (8th Cir.1997). Finally, the question could be left to the discretion of the district court in the individual case, to be decided on the basis of such factors as the extent of the services performed before enactment, and the extent of reliance by plaintiff and his attorneys on the pre-PLRA fee regime.

We reject the rigid rule advocated by the defendants. By retroactive application, this interpretation would produce serious injustice in numerous cases. We believe that, had Congress intended so unfair a result, upsetting legitimate expectations based on the pre-existing law, it would have explicitly so provided. Consider, for example, a case in which an attorney undertook to represent a plaintiff long before the passage of

---

**2.** The relevant provisions are as follows:

(1) In any action brought by a prisoner who is confined to any jail, prison, or other correctional facility, in which attorney's fees are authorized under section 1988 of this title, such fees shall not be awarded, except to the extent that—

(A) the fee was directly and reasonably incurred in proving an actual violation of the plaintiff's rights protected by a statute pursuant to which a fee may be awarded under section 1988 of this title; and

(B) (i) the amount of the fee is proportionately related to the court ordered relief for the violation; or

(ii) the fee was directly and reasonably incurred in enforcing the relief ordered for the violation.

(2) Whenever a monetary judgment is awarded in an action described in paragraph (1), a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney's fees awarded against the defendant. If the award of attorney's fees is not greater than 150 percent of the judgment, the excess shall be paid by the defendant.

(3) No award of attorney's fees in an action described in paragraph (1) shall be based on an hourly rate greater than 150 percent of the hourly rate established under section 3006A of Title 18, for court-appointed counsel.
42 U.S.C. § 1997e(d).

**3.** Section 1988 provides, *inter alia,* that "[i]n any action or proceeding to enforce [various specified civil rights provisions], the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorneys' fee as part of the costs." 42 U.S.C. § 1988(b).

the PLRA in reliance on the expectation, if prevailing in the suit, of having a reasonable fee covered under § 1988. Assume that the injury to plaintiff involved a matter of significant constitutional importance but relatively small injury measured in dollars, such as an abridgement by prison authorities of a right of free speech or free exercise of religion. The attorney worked diligently on the case for years, winning a money judgment in plaintiff's favor in the district court and affirmance on appeal. The case was intensely contested on both sides, with the consequence that the hours required were considerable and the attorney's reasonable fee far exceeded 150 percent of the damages awarded to plaintiff. Assume then that the enactment of the PLRA occurred just before the court made its award of attorney's fees. The rule advocated by defendants would retroactively impair the plaintiff's right to full compensation for the violation of his constitutional rights by taking up to 25 percent of his damage award to cover the defendants' liability for plaintiff's legal fee under § 1988. It might also seriously harm the attorney, who labored for years in good faith expectation that a reasonable fee would be paid by the defendant if the plaintiff prevailed, but whose fee recovery might now be capped at 150 percent of the damage award. *See Jensen v. Clarke,* 94 F.3d 1191, 1202 (8th Cir.1996) (noting that attorneys performed their services in "reasonable reliance" on the pre-PLRA law allowing for full recovery of fees).

It is clear, depending on the circumstances, that the application of the limitations of the Act to representation begun before its passage could have a seriously detrimental retroactive effect on previously established rights and reasonable prior expectations. In the present case, where 100 percent of Attorney Burns's work and 15 percent of the work done by Attorneys Cohen and Smith were rendered before the passage of the Act, application of the PLRA would retroactively diminish the plaintiff's judgment by causing the application of a portion up to 25 percent to his attorneys' fees, and would also retroactively diminish his attorneys' reasonable expectations of compensation in the event they prevailed. Absent a clear statement of congressional intent favoring such a result, we will follow the "traditional presumption" against retroactivity, *Landgraf v. U.S.I. Film Prods.,* 511 U.S. 244, 280, 114 S.Ct. 1483, 1505, 128 L.Ed.2d 229 (1994), and conclude that the Act does not necessarily apply to all awards of fees made after its effective date.

We therefore reject the sole contention advanced by the defendants as a basis for vacating the district court's fee award. The defendants did not contend either in the district court or on appeal that the trial judge abused his discretion in failing to impose the PLRA's restriction on the fee award. Accordingly we leave for another day whether the Act should be construed to apply only to representations undertaken after its passage, only to hours worked subsequent to enactment, or whether its application to representations that include activity both before and after the enactment of the PLRA should be left to the informed discretion of the district court. Under either approach, the judgment of the district court must be affirmed.

## CONCLUSION

The district court's award of § 1988 attorneys' fees is affirmed.