# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-4203

_____

Jeff Winters,    *

      *

     Plaintiff - Appellant,    *

      *   Appeal from the United States

     v.    *   District Court for the

      *   Northern District of Iowa.

Assistant Warden John Sissel, *et al.*,    *

      *   **[PUBLISHED]**

     Defendants - Appellees.    *

_____

Submitted: November 20, 1998

Filed: January 25, 1999

_____

Before BOWMAN, Chief Judge, LOKEN, Circuit Judge, and HAND,* District Judge.

_____

PER CURIAM.

Section 803(d) of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(d) ("PLRA"), imposes limits on the hourly rate at which attorneys' fees may be awarded to inmates who prevail in actions brought under 42 U.S.C. § 1983. Iowa inmate Jeff Winters commenced this § 1983 action before passage of the PLRA in April 1996. Judgment was entered in his favor in April 1997, and Winters applied for an award of

_____

*The HONORABLE WILLIAM BREVARD HAND, United States District Judge for the Southern District of Alabama, sitting by designation.

attorneys' fees. He now appeals the district court's[1] fee award order and judgment, arguing the court erred in limiting the award for fees incurred *after* the effective date of the PLRA to the rates specified in that statute.

This contention is foreclosed by our decision in Williams v. Brimeyer, 122 F.3d 1093, 1094 (8th Cir. 1997), in which we held that the PLRA "applies to all hours worked in this case after the date of the passage of the Act." Williams established the law in this circuit, and we must follow it. Other circuits have adopted differing views on this question. In Inmates of D.C. Jail v. Jackson, 158 F.3d 1357, 1360 (D.C. Cir. 1998), the court followed our decision in Williams. On the other hand, Madrid v. Gomez, 150 F.3d 1030, 1035 (9th Cir. 1998), and Alexander S. v. Boyd, 113 F.3d 1373, 1386 (4th Cir. 1997), held that the PLRA limits *all* fees awarded after the date of enactment, whether incurred before or after that date. And on the other extreme, Hadix v. Johnson, 143 F.3d 246, 255-56 (6th Cir. 1998), held that the PLRA does not apply to *any* fees awarded in § 1983 actions that were initially commenced before the statute's enactment. Finally, Blissett v. Casey, 147 F.3d 218 (2d Cir. 1998), held that the PLRA does not apply to fees incurred pre-enactment but awarded post-enactment, but the court did not address the question of fees incurred post-enactment.

Winters further argues that the PLRA as construed in Williams violates inmates' fundamental right to access the courts. We conclude this contention was expressly rejected in Williams when we held "that the PLRA, as applied in this manner, is within the power of Congress." 122 F.3d at 1094. In any event, the contention is without merit. See Madrid, 150 F.3d at 1040-42.

The judgment of the district court is affirmed.

---

[1]The HONORABLE JOHN A. JARVEY, United States Magistrate Judge for the Northern District of Iowa.

-2-

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.