Easton **BECKFORD**, Plaintiff,

v.

Frank **IRVIN**, Superintendent, Steven Kruppner, Deputy Superintendent, and the State of New York, Defendants.

No. 96–CV–273H.

United States District Court,
W.D. New York.

June 24, 1999.

Easton Beckford, Comstock. NY, Anna Lee Billingsley, Buffalo, NY, for plaintiff.

Jerry McGrier, Sr., Assistant Attorney General, Buffalo, NY, for defendants.

## ORDER

HECKMAN, United States Magistrate Judge.

Plaintiff's counsel in the above referenced matter moves for attorneys fees and expenses (Items 85, 89). Defendants move for a thirty day extension in which to file a Notice of Appeal (Item 93). Both motions were argued on May 20, 1999, and both parties were given an opportunity to submit supplemental papers on the motion for attorney's fees.

For the reasons set forth below, plaintiff's motion for attorney's fees is granted. Plaintiff's counsel is entitled to $50,898.56 in attorneys' fees and expenses, of which $6,250 shall come from plaintiff's judgment. Finally, defendants' motion to extend the time in which to file a notice of appeal is denied.

## BACKGROUND

Plaintiff Easton Beckford, an inmate in the custody of the New York State Department of Correctional Services, brought this action pursuant to 42 U.S.C. § 1983, alleging violations of his Eighth Amendment right against cruel and unusual punishment, and violations of his rights under the Americans with Disabilities Act ("ADA") (Item 40). Plaintiff has been confined to a wheelchair since 1984. A jury trial was held from November 9–18, 1998 (See Item 82). Plaintiff was awarded $15,-000 in punitive damages from defendant Irvin, $10,000 in punitive damages from defendant Kruppner, and $125,000 in compensatory damages from the State of New York (*Id.*).

Defendants previously moved to dismiss plaintiff's Americans with Disabilities Act claim, and to set aside the jury verdict, pursuant to Rules 12(b)(1), 50(b), 50(c), 59(a), and 59(e) of the Federal Rules of Civil Procedure (Item 83). Defendants' motion was denied. *Beckford v. Irvin*, 49 F.Supp.2d 170 (W.D.N.Y.1999).

## DISCUSSION

### I. Attorney's Fees.

Section 1988(b) of Title 42 of the United States Code allows the court to award the prevailing party reasonable attorneys' fees. The starting point for determining an award of attorneys' fees begins with the court's calculation of the "lodestar" figure, which is derived by multiplying a reasonable hourly rate by the number of hours reasonably expended during the litigation. *Hensley v. Eckerhart,*

461 U.S. 424 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *Gierlinger v. Gleason,* 160 F.3d 858, 876 (2d Cir.1998); *LeBlanc–Sternberg v. Fletcher,* 143 F.3d 748, 763–64 (2d Cir.1998). The court should only include hours that are supported by the attorneys time records. *LeBlanc–Sternberg,* 143 F.3d at 764. Any fees determined to be "excessive, redundant, or otherwise unnecessary" should be excluded from the lodestar. *Gierlinger,* 160 F.3d at 876 (quoting *Hensley,* 461 U.S. at 434, 103 S.Ct. 1933).

Plaintiff requests attorneys' fees totaling $70,358.75. This is based on 411 hours of work undertaken by attorneys Robbie Lee Billingsley and Anna Marie Richmond, three hours of work performed by a paralegal, three and a half hours of work performed by a videotape specialist, and four and one quarter hours of work performed by a consultative physician (*See* Items 85, 89). Ms. Billingsley works at an hourly rate of $ 175.00 and has submitted time sheets showing 285.5 hours of work (Item 85, 89). Ms. Richmond works at an hourly rate of $ .150.00 and has submitted time sheets showing 125.4 hours of work (Item 85, 89). In addition, plaintiff seeks $1,570 in fees for the services of a paralegal, a video specialist, and a consulting physician (Item 85).

Defendants oppose plaintiff's motion for attorneys' fees. Defendants initially did not oppose the number of hours plaintiff's counsel claims to have worked on the case (Item 96, at ¶ 3; *but see* Item 98).[1] Instead, defendants argue that the Prison Litigation Reform Act ("PLRA") caps an attorney's hourly fees to $97.50 for time spent in court, and $ 67.50 for time spent out of court (Item 96, at ¶ 5). *See* 42 U.S.C. § 1997e(d)(3).

Defendants contend that plaintiff is entitled only to $36,860.32 in attorneys' fees. Considering the time sheets submitted by the individual attorneys, defendants submit that Ms. Billingsley is entitled to fees totaling $23,193.33 (Item 98, at ¶ 13). Defendants also submit that Ms. Richmond is entitled to fees totaling $13,666.99 (*Id.* at ¶ 18).

The Prison Litigation Reform Act ("PLRA") places limitations on the award of attorney's fees authorized under 42 U.S.C. § 1988. *See* 42 U.S.C. § 1997e(d)(1); *Blissett v. Casey,* 147 F.3d 218, 219 (2d Cir.1998), *aff'g,* 969 F.Supp. 118 (N.D.N.Y.1997), *cert. denied,* — U.S. ——, 119 S.Ct. 2392, 144 L.Ed.2d 793 (1998). For example, a portion of the judgment awarded to plaintiff, not to exceed 25 percent, is to be applied to the amount of the attorney's fees. 42 U.S.C. § 1997e(d)(2); *see Blissett,* 147 F.3d at 220. In addition, no award of attorney's fees is to be based on an hourly rate greater than 150 percent of the hourly rate established under 18 U.S.C. § 3006A. 42 U.S.C. § 1997e(d)(3).

Plaintiff acknowledges that the PLRA imposes a cap on the amount of attorney's fees, but argues that only one hour of work is attributable solely to plaintiff's § 1983 claim (Item 95). Plaintiff points out that the proof, and the preparation of witnesses and exhibits, was the same for both claims (*Id.* at ¶¶ 9–10). Plaintiff suggests that the attorney's fees should be proportioned to the amount of the jury's award, resulting in five-sixths of the attorneys' fee being based on the attorneys regular hourly rates, and one-sixth of the award being based on a rate limited by § 1988 (*Id.*).[2] Defendants support proportioning the attorneys' fees in a manner consistent with

---

**1.** The court notes that defendants' response to plaintiff's motion for attorneys' fees was to be filed by February 16, 1999. Defendants did not file their initial response until after plaintiff's motion for fees was argued on May 20, 1999.

**2.** Of the $150,000 judgment rendered in favor of the plaintiff, $125,000, or five-sixths, was for the ADA claims. The remaining $25,000, or one-sixth, was punitive damages for the civil rights violation.

the jury's verdict (Item 98, at ¶ 8). Neither party has provided any support for allocating the fees in this matter.

Looking at the plain meaning of the statute, attorneys' fees are limited in cases brought by prisoners if the award of fees is authorized under § 1988. However, plaintiff's claim was also based on the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. Attorney's fees are available to the prevailing party under the ADA. See id. § 12133; see also 29 U.S.C. § 794a. The PLRA does not limit the award of attorney's fees to a prevailing plaintiff whose award is authorized under a statute separate from § 1988.

■ The separate statutory basis for awarding attorneys' fees supports apportioning the fees based on the nature of the claims presented to the court. In this case, one-half of the claim presented was based on the ADA, and the other half of the claim was based on § 1983. Apportioning fees based on the jury's award would be inconsistent with the significance of the claims and the amount of work counsel devoted to each issue. Plaintiff's counsel affirm that they spent equal amounts of time on both claims, and that the claims were inextricably intertwined (See Item 95, at ¶¶ 9–10). Therefore, it is appropriate to apportion one half of the attorneys' times to the ADA claim, and the other half of the attorneys' times to the § 1983 claim.

In light of the appropriate statutory limitations, one-half of the attorneys time will be billed at their normal hourly rate, and one-half of their time will be billed at an hourly rate of $97.50 for time spent in court, and an hourly rate of $67.50 for time spent outside of court.

Defendants did not initially dispute any of the time represented by plaintiffs counsel (Item 96, at ¶ 3). After plaintiff's attorneys' fee motion was argued, defendants questioned whether Ms. Billingsley, who has six years of federal court litigation experience, should be paid at a higher rate

than Ms. Richmond, who has 13 years of federal court litigation experience (Item 98, at ¶ 7). Defendants also questioned some of the time billed by Ms. Billingsley (Item 98). For example, one-half hour of work time is devoted to the receipt of a scheduling order on March 3, 1997 (See Item 85). In addition, defendants note that several entries reflect travel time billed at a rate of $175.00 per hour (Item 98, at ¶ 9). Finally, defendants object to Ms. Richmond's fee request for time spent working on this case prior to her October 26, 1998, assignment (Id. ¶ 15).

■ Chief Judge Larimer recently reviewed the hourly rates of attorneys in the Western District of New York. See Alnutt v. Cleary, 27 F.Supp.2d 395, 399–401 (W.D.N.Y.1998). He found that the work of middle to senior level associates was being billed at rates from $110 per hour to $205 per hour. Id. at 400. In addition, Chief Judge Larimer noted the findings of Magistrate Judge Leslie Foschio in Greenway v. Buffalo Hilton Hotel, 951 F.Supp. 1039 (W.D.N.Y.1997), aff'd, 143 F.3d 47 (2d Cir.1998), who determined that a senior level associate with five to six years experience should be billed at $125 per hour for work performed from 1994 through 1996, and the findings of Judge William S. Skretny in Myree v. Local 41, Int'l Bhd. of Elec. Workers, 847 F.Supp. 1059 (W.D.N.Y.1994), aff'd, 29 F.3d 620 (2d Cir. 1994), who determined that an attorney with nine years of litigation experience entitled to an hourly rate of $150 for work performed from 1989 through 1993. Alnutt, 27 F.Supp.2d at 400. Most significant to this case, Judge Larimer noted that the rates found by Magistrate Judge Foschio and Judge Skretny "would be even higher today." Id.

■ Accordingly, I find that the hourly rates charged by Ms. Billingsley and Ms. Richmond are reasonable in light of their experience and the prevailing rates in the Western District of New York. In addition, I find that it is appropriate for Ms. Richmond to put in a fee request for time spent

working on this case prior to October 26, 1998.

■ In reviewing the time sheets submitted by plaintiff's counsel, the court found it necessary to exclude some entries from the lodestar. In addition, it is appropriate to reimburse attorney's for their travel time at 50% of their normal hourly billing rate. *Alnutt,* 27 F.Supp.2d at 400; *Mr. X v. New York State Educ. Dep't.,* 20 F.Supp.2d 561, 564 (S.D.N.Y.1998); *Davis v. New York City Hous. Auth.,* 975 F.Supp. 317, 323 (S.D.N.Y.1997); *Blissett,* 969 F.Supp. at 133.

Accordingly, the attorneys travel time will be billed at 50% of their normal hourly billing rate. Plaintiff's counsel has not demonstrated that they were providing legal services to their client during this period. *Blissett,* 969 F.Supp. at 133. Because of the fee limitations imposed by the PLRA, one-half of the travel time will be billed at 50% of the out of court hourly rate of $67.50, or $33.75 per hour.

Defendants do not challenge the hourly rates of the paralegal, the videotape specialist, or the medical consultant. The paralegal's hourly rate of $65.00 per hour is comparable to the rates of such paraprofessionals within the Western District of New York. *See Alnutt,* 27 F.Supp.2d at 401. In addition, I find that the $200 per hour rate of the consultative physician is reasonable. *Cf. Magee v. Paul Revere Life Ins. Co.,* 172 F.R.D. 627, 646 (E.D.N.Y. 1997); *Goldwater v. Postmaster Gen. of the United States,* 136 F.R.D. 337, 340 (D.Conn.1991). The court is unable to adequately assess the $150 per hour rate of the videotape specialist. However, since defendants do not object to this rate, I will accept it as reasonable.

Based on the foregoing analysis, plaintiff's counsel is entitled to $50,362.00 for attorneys' fees. The following figures were used in determining the lodestar:

| | HOURS | RATE | TOTAL |
|---|---|---|---|
| Billingsley Out of court hours ADA: | 100.7 | $175.00 | $17,622.50 |
| Billingsley Out of court hours PLRA: | 100.7 | $ 67.50 | $ 6,797.25 |
| Billingsley Travel time ADA: | 7.6 | $ 87.50 | $ 665.00 |
| Billingsley Travel time PLRA: | 7.6 | $ 33.75 | $ 256.50 |
| Billingsley In court hours ADA: | 34.1 | $175.00 | $ 5,967.50 |
| Billingsley In court hours PLRA: | 34.1 | $ 97.50 | $ 3,324.75 |
| | | | |
| Richmond Out of court hours ADA: | 40.8 | $150.00 | $ 6,120.00 |
| Richmond Out of court hours PLRA | 40.8 | $ 67.50 | $ 2,754.00 |
| Richmond Travel time ADA: | .8 | $ 75.00 | $ 60.00 |
| Richmond Travel time PLRA: | .8 | $ 33.75 | $ 27.00 |
| Richmond In court hours ADA: | 21.0 | $150.00 | $ 3,150.00 |
| Richmond In court hours PLRA: | 21.0 | $ 97.50 | $ 2,047.50 |
| | | | |
| Mersman (paralegal): | 3.0 | $ 65.00 | $ 195.00 |
| Carbone (video specialist): | 3.5 | $150.00 | $ 525.00 |
| Dr. Bernstein: | 4.25 | $200.00 | $ 850.00 |
| Totals: | 420.75 | | $50,362.00 |

## II. Fees Attributable to Plaintiff.

The PLRA also provides that "a portion of the judgment (not to exceed 25 percent) ... be applied to satisfy the amount of attorney's fees awarded against the defendant. If the award of attorney's fees is not greater than 150 percent of the judgment, the excess shall be paid by the defendant." 42 U.S.C. § 1997e(d)(2).

Of the $150,000 judgment rendered in favor of the plaintiff, $25,000 is awarded

under plaintiff's § 1983 claim. Twenty-five percent of this $25,000 judgment—$6,250—shall be applied to satisfy a portion of plaintiff's attorneys' fees. The remaining portion of plaintiff's attorneys' fees is not greater than 150 percent of the judgment and, therefore, shall be assessed to the defendants.

Accordingly, defendants shall apply $6,250 of plaintiff's judgment towards plaintiff's attorneys' fees.

### III. Expenses.

■ Plaintiff's counsel also requests reimbursement for costs accrued during representation of their client in the amount of $561.93 (*See* Items 85, 89, 97).[3] Attorneys' fees awards include reasonable out of pocket incurred by attorneys that are normally charged to their clients. *LeBlanc-Sternberg*, 143 F.3d at 761; *see United States Football League v. National Football League*, 887 F.2d 408, 416 (2d Cir. 1989); *Reichman v. Bonsignore, Brignati & Mazzotta P.C.*, 818 F.2d 278, 282 (2d Cir.1987). This includes, but is not limited to, exhibits, photocopying, postage, telephone calls and travel expenses. *See e.g., Kuzma v. I.R.S.*, 821 F.2d 930, 933–34 (2d Cir.1987); *Aston v. Secretary of Health and Human Services*, 808 F.2d 9, 12 (2d Cir.1986); *Alnutt*, 27 F.Supp.2d at 403–04.

■ The expenses of plaintiff's counsel include mileage ($375.56), photocopying ($161.00), and costs associated with computer assisted legal research ($25.37). Defendants raise no objections to the expenses presented by plaintiff (*See* Item 98). I do find most of these expenses reasonable. However, computer assisted legal research is part of the attorneys' fees and is not to be taxed separately. *United States ex rel. Evergreen Pipeline Const. Corp. v. Merritt Meridian Const. Corp.*, 95 F.3d 153, 173 (2d Cir.1996); *Alnutt*, 27 F.Supp.2d at 404; *see also Coleman v. Dydula*, 175 F.R.D. 177, 182 (W.D.N.Y.

1997). Therefore, plaintiff's request for $25.37 for computer assisted legal research will not be assessed to the defendants.

Accordingly, plaintiff is entitled to $536.56 to reimburse plaintiff's counsel for expenses.

### IV. Extension of Time to File Notice of Appeal.

■ Defendants move for a thirty day extension of time within which to file a Notice of Appeal (Item 93). On April 13, 1999, defendants motion to dismiss the claim and set aside the verdict was denied. *Beckford*, 49 F.Supp.2d at ——. Defendants' counsel had a trial scheduled from April 26 through April 30, 1999. That trial actually concluded on May 6, 1999. Defendants' counsel also had a trial scheduled to start on May 5, 1999. That trial actually commenced on May 10, 1999, and was scheduled to conclude on May 21, 1999. Because of this trial schedule, defendants' counsel alleges that he has been unable to thoroughly discuss the option of appeal with his clients.

Plaintiff's oppose defendants' motion, arguing that there has already been significant delays in bringing about a final determination of this litigation (Item 94). I agree with the plaintiff. The Jury rendered its verdict on November 18, 1998 (Item 71). Defendant's counsel has had ample opportunity since the jury rendered its verdict to discuss the option of appealing this case to the Second Circuit.

Accordingly, defendants' motion to extend the time within which to file a notice of appeal is denied.

### CONCLUSION

For the foregoing reasons, plaintiff's motion for attorneys fees (**Item 85**) is granted. Plaintiff's counsel is entitled to $50,898 .56 in attorneys' fees and expenses.

---

3. The total expenses presented by plaintiff's counsel is $400.93. However, it is readily apparent that the $161.00 expended on photo-copying was inadvertently excluded from the final total of expenses (*See* Item 85).

Defendants shall apply $6,250.00 of plaintiff's judgment towards the attorneys' fees.

Furthermore, defendants motion to extend the time within which to file a notice of appeal (**Item 93**) is denied.

**So Ordered.**