**W.C. MCLINDON, Plaintiff–Appellee,**

v.

**Harry K. RUSSELL, Warden; G. Wyatt, Jr.; Hoilette, Lt.; Greg Gainey; James E. Guard, Defendants–Appellants,**

tucky, sitting by designation.

**United States of America,
Intervenor–Appellant.**

**No. 00–3103, 00–3890, 00–3981.**

United States Court of Appeals,
Sixth Circuit.

Sept. 19, 2001.

Before KRUPANSKY,
SUHRHEINRICH, and SILER, Circuit
Judges.

PER CURIAM.

Defendant prison officials and Intervenor United States of America appeal from the judgment for Plaintiff prisoner on his civil rights action under 42 U.S.C. § 1983. Plaintiff prevailed below on only one of seven claims and against only one of five Defendants. Plaintiff was awarded damages of only $1.00 and punitive damages of only $200.00.

Section 803(d)(2) of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e)(d)(2), caps the attorney fee award at 150% of the amount of the total damage award. *Walker v. Bain,* 257 F.3d 660, 667 (6th Cir.2001); *Boivin v. Black,* 225 F.3d 36, 38 (1st Cir.2000); *Collins v. Montgomery County Bd. of Prison Inspectors,* 176 F.3d 679, 683 (3d Cir.1999); *Blissett v. Casey,* 147 F.3d 218, 220 (2d Cir. 1998). This would have allowed a maximum reimbursement for attorney fees of only $301.50. However, the district court declared Section 803(d)(2) to be unconstitutional and awarded attorney fees of $14,616.00 based on its lodestar calculation of the attorneys' number of hours times their hourly rate. Defendant and Intervenor appeal asserting that Section 803(d)(2) is constitutional because it is rationally related to the legitimate governmental interest of limiting abusive prison litigation. They also contend that the award of $14,616.00 in attorney fees is disproportionate to the total damage award of $201.00.

While this appeal was pending, this Court held in *Walker v. Bain,* 257 F.3d 660, 2001 WL 823612, at *5, that Section 803(d)(2) is constitutional, after considering essentially the same arguments that are present in this appeal.

We are bound by and also adopt by reference the reasoning of this Court in *Walker.* Accordingly, we REVERSE the

ruling of the district court that Section 803(d)(2) is unconstitutional, VACATE the award of attorney fees in the amount of $14,616.00, and REMAND for a redetermination of attorney fees under the PLRA consistent with this Court's opinion in *Walker*.