**MERMAID SEAFOODS,
INC., Plaintiff–Counter–
Defendant–Appellant,**

v.

**VAN CAMP SEAFOODS CO., INC. &
Tri–Union Seafoods, LLC, Defendants–Counter–Claimants–Appellees.**

**Docket No. 00–9529.**

United States Court of Appeals,
Second Circuit.

Jan. 8, 2002.

John E. Nathan, Fish & Neave; Catherine Nyarady on the brief, New York, NY, and Michael J. Dorney, Tyler Cooper & Alcorn LLP, New Haven, CT, for Appellant.

Sheila Huddleston, Shipman & Goodwin LLP, Hartford, CT; Susan E. Hollander, Manatt, Phelps & Phillips LLP, Palo Alto, CA, on the brief, for Appellees.

Present LEVAL, CABRANES and STRAUB, Circuit Judges.

Plaintiff Mermaid Seafoods, Inc. appeals from the district court's denial of its motion for attorneys' fees as untimely. We vacate the district court's judgment and remand for further consideration of two questions.

The first question is whether Mermaid's October 2, 2000 Motion for Reconsideration of the Court's September 26, 2000 Order should have been construed as a motion for additional time under Fed. R.Civ.P. 6(b)(2), under which a party's failure to act within the specified time may be excused if it "was the result of excusable neglect." *See, e.g., Blissett v. Casey*, 969 F.Supp. 118, 123 (N.D.N.Y.1997), *aff'd*, 147 F.3d 218 (2d Cir.1998).

As to the second question, in denying Mermaid's motion for reconsideration, the court observed that in Mermaid's motion of September 14, 2000 for a scheduling order, "Mermaid did not advise the court that the parties were confused or disagreed as to the significance of the September 15 deadline . . ." In its motion papers, Mermaid stated, "TriUnion has declined to agree to the Proposed Scheduling Order . . . claiming that the September 15 deadline was firmly set by the Court; . . . It is the position of Mermaid Seafoods that the September 15 date discussed on July 13, 2000 was not the final or fixed date agreed to by the parties or set by the Court." On remand, the court should consider whether the September 14 motion, although inart-

fully drafted, in fact did advise the court that the parties "were confused or disagreed as to the significance of the September 15 deadline" and whether the court's ruling of November 20, 2000 was therefore based in part on an incorrect premise.

The judgment of the district court is VACATED and the matter REMANDED for further consideration.