62 F.3d 1418
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ken M. WOJNICZ, Plaintiff-Appellant,
v.
Jimmy STEGALL; Jacqueline E. Moss, Defendants-Appellees.
 No. 94-2255.
 United States Court of Appeals, Sixth Circuit.
 Aug. 2, 1995.
 
 Before: BROWN, MILBURN and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Ken M. Wojnicz, a Michigan state prisoner, appeals pro se the summary judgment for defendants in this civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Wojnicz filed this action against Michigan Department of Corrections personnel whom he alleged had transferred him to a prison away from his family in retaliation for the filing of grievances and in violation of his First Amendment rights. The district court granted defendants' motion for summary judgment, finding no evidence of a retaliatory animus for the transfer. Wojnicz filed both a notice of appeal and a motion for reconsideration. The district court subsequently denied the latter.
 
 
 3
 On appeal, Wojnicz continues to argue that he established a clear case of retaliation. He also complains that the district court applied the wrong legal standard, improperly dismissed the claims against some defendants, and erroneously denied leave to add other defendants. The defendants have filed a motion to strike the appeal, arguing that Wojnicz was required to amend his notice of appeal following the denial of his motion for reconsideration.
 
 
 4
 Upon review, we conclude that the motion to strike the appeal is without merit. The notes to Fed.R.App.P. 4(a)(4) indicate that appellees may file such a motion when the appeal is from a judgment that has been altered substantially by granting a post-judgment motion. The motion for reconsideration in this case was denied, and the judgment appealed from was not altered.
 
 
 5
 We also conclude that the summary judgment for defendants must be affirmed, as there is no genuine issue of material fact and they are entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).
 
 
 6
 The record shows that Wojnicz was transferred at his request to the Macomb Regional Facility, a newly opened prison, on January 13, 1993, in order to be near his family. He was one of the first prisoners to arrive at the facility. Apparently, the prison's programs were not yet fully operational and some of the staff were inexperienced. Wojnicz pointed out these problems in numerous grievances and letters to both prison officials and public officials. On October 20, 1993, he was transferred to the Carson City Facility, an older prison with established programs and procedures. Wojnicz was returned to the Macomb facility in August, 1994. The Classification Director of the Department of Corrections acknowledged that the October, 1993, transfer was a response to the number of grievances filed by Wojnicz and that there was an unwritten policy of not housing prolific grievance writers at new facilities because the staff did not have the time needed to devote to such complaints.
 
 
 7
 Retaliation for filing grievances offends the First Amendment of the Constitution. See, e.g., Cale v. Johnson, 861 F.2d 943, 949-50 (6th Cir.1988). However, in this case, Wojnicz failed to support his allegation of retaliation with any probative evidence. While his transfer was a response to his grievances, it passes scrutiny because it was reasonably related to a legitimate penological interest. See Turner v. Safley, 482 U.S. 78, 87-89 (1987). Wojnicz's transfer did not impede him from filing grievances, but it did free the staff and resources of the new facility from dealing with his complaints until such time as its procedures were running smoothly. As such, the transfer appears to have been rationally connected to legitimate objectives, and not an exaggerated response to the situation. See id. at 89-90. No factual support for the allegation of a retaliatory animus can be found in the record.
 
 
 8
 The remaining arguments raised by Wojnicz in his brief are meritless. Accordingly, the motion to strike the appeal is denied and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.