Ken M. WOJNICZ, Plaintiff–Appellant,

v.

Jimmy STEGALL; Jacqueline E. Moss, Defendants–Appellees,

Kenneth MCGINNIS; Dennis Dyke, Defendants.

No. 00–1386.

United States Court of Appeals, Sixth Circuit.

Jan. 26, 2001.

Before WELLFORD, RYAN, and SUHRHEINRICH, Circuit Judges.

Ken M. Wojnicz, a Michigan state prisoner, appeals pro se a district court order denying his motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b)(5) in a civil rights action he originally filed in 1994. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In the original action, Wojnicz alleged that he was transferred from one prison to another in retaliation for the exercise of his First Amendment rights. The record showed that Wojnicz was one of the first prisoners to be housed in a newly-opened facility which did not yet have all of its operations running smoothly. Wojnicz was dissatisfied with this state of affairs and initiated a barrage of complaints, overburdening the staff. It was decided that he should be transferred away from the new facility for ten months. The district court concluded that no retaliatory action had been established, and granted summary judgment to the defendants. Furthermore, the district court noted that, if the complaint were liberally construed as raising a substantive due process claim, the defendants' conduct did not shock the conscience. Wojnicz latched onto this side comment, and has persisted ever since in arguing that the district court erred in applying the "shock the conscience" standard to his First Amendment retaliation claim. The district court explained in denying Wojnicz's motion for reconsideration that it did not apply that standard to the First Amendment claim. Nevertheless, Wojnicz raised the same argument on appeal to this court, which affirmed the district court's grant of summary judgment, concluding that the transfer served a legitimate penological interest and that no motive to retaliate had been demonstrated. *See Wojnicz v. Stegall,* 62 F.3d 1418, 1995 WL 460516 (6th Cir.1995). Wojnicz again raised his argument in a Rule 60(b) motion before the district court, which was denied in 1995.

Four years later, Wojnicz filed a second motion for relief from judgment, this time citing to Rule 60(b)(5), and arguing that this court's decision in *Thaddeus–X v. Blatter,* 175 F.3d 378, 387 (6th Cir.1999) (en banc), reversed the decision of *Cale v. Johnson,* 861 F.2d 943 (6th Cir.1988), on which his prior judgment was allegedly based. The district court denied this motion as well as several accompanying motions for miscellaneous relief. Wojnicz raises the same argument again in his brief on appeal. Counsel for the appellees, who did not participate in this latest resurrection of the case, has informed the court that he will not be filing a brief.

This court reviews the denial of a motion for relief from judgment under an abuse of discretion standard. *See Hood v. Hood,* 59 F.3d 40, 42 (6th Cir.1995). No abuse of discretion has been shown here, and the order denying the motion will therefore be affirmed.

The original summary judgment for defendants, which is not brought up for review by this appeal, *see id.,* was based on the conclusion that Wojnicz's transfer, while admittedly due to his numerous grievances, did not constitute retaliation for his exercise of First Amendment rights, but was instead a rational response based on legitimate objectives. *See also Ward v. Dyke,* 58 F.3d 271, 274–75 (6th Cir.1995). Wojnicz established that he had engaged in protected conduct which motivated defendants to transfer him, but he did not demonstrate an adverse action that would deter a person of ordinary firmness

from filing grievances. *See Thaddeus–X,* 175 F.3d at 394. Wojnicz complained at length about the conditions at the new prison, and was transferred away until the situation was resolved, thus relieving both Wojnicz and the prison staff from a tense situation. This shows that his grievances were heard, which should not discourage anyone from filing grievances. Because the holding of *Thaddeus–X* is completely in accord with the prior judgment in this case, it provides no basis for relief from that judgment. Wojnicz has consistently misinterpreted the district court's original judgment in the face of its plain language rejecting his First Amendment retaliation claim for lack of merit, and not subjecting it to the "shock the conscience" standard. The district court did not abuse its discretion in again rejecting Wojnicz's erroneous argument, and its order is accordingly affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.