Michael Allen **PALMER,**
Plaintiff–Appellant,

v.

Ronald **WAGNER, Defendant–Appellee.**

No. 00–1437.

United States Court of Appeals,
Sixth Circuit.

Jan. 29, 2001.

Before BATCHELDER and CLAY, Circuit Judges; POLSTER, District Judge.*

Michael Allen Palmer, a Michigan prisoner proceeding pro se, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On June 26, 1998, Palmer filed a complaint against Ronald Wagner, a physician's assistant employed at the Parnall Correctional Facility ("PCF"), where Palmer is incarcerated. Palmer alleged that he suffered a severe back injury in September 1996, which necessitated surgery. Palmer responded to the surgery well, but re-injured his back in June 1997. Wagner referred Palmer to Dr. Rawal, the neurosurgeon who had performed Palmer's back surgery. Rawal prescribed physical therapy and, if the physical therapy proved unsuccessful, a Magnetic Resonance Imaging ("MRI") scan. Relying upon the First, Eighth, and Fourteenth Amendments, Palmer alleged that Wagner exhibited deliberate indifference to his serious medical needs by refusing to request an MRI and refusing to renew his prescriptions for pain medication. Palmer also contended that Wagner's alleged denial of medical care was retaliatory because

he had filed complaints and grievances against PCF health care personnel. Finally, Palmer contended that Wagner's actions amounted to "an ongoing pattern of punishment" in violation of his procedural due process rights. Palmer sought declaratory, injunctive, and monetary relief. He exhausted his available administrative remedies as required by 42 U.S.C. § 1997e.

Wagner filed a motion for summary judgment, to which Palmer responded. A magistrate judge filed a report recommending that Wagner's motion be granted. Over Palmer's objections, the district court adopted the magistrate judge's report and recommendation and dismissed the action. Palmer has filed a timely appeal.

Upon de novo review, we conclude that the district court properly granted summary judgment in favor of Wagner with respect to Palmer's Eighth Amendment claims. See EEOC v. Northwest Airlines, Inc., 188 F.3d 695, 701 (6th Cir.1999). Palmer merely speculated that Wagner failed to complete and submit the required MRI request form to United Healthcare ("United"), the health care provider for the Michigan Department of Corrections. Both Wagner's affidavit and Palmer's medical records indicate that the MRI request form was completed and submitted to United on October 13, 1997, but a decision was delayed pending Palmer's completion of the physical therapy regimen ordered by Rawal.

█ Even if Wagner did not submit the MRI request form to United on October 13, 1997, he was not deliberately indifferent to Palmer's medical needs, as the record indicates that Wagner followed the recommended treatment plan for Palmer.

---

* The Honorable Dan A. Polster, United States District Judge for the Northern District of Ohio, sitting by designation.

Palmer does not dispute his failure to complete the physical therapy regimen as ordered by Rawal. Palmer was scheduled for physical therapy three times per week for five weeks. Palmer received treatment on seven occasions, but did not appear for treatment after the seventh visit. Thus, Palmer's voluntary refusal to complete the physical therapy treatment as ordered precludes an Eighth Amendment claim against Wagner. Furthermore, because Palmer refused to be seen by Wagner on November 14, 1997, and did not request medication through a medical kite between November 14, 1997, and January 7, 1998, he failed to show that Wagner was deliberately indifferent to his medical needs by failing to renew his prescriptions for medication. For these reasons, Palmer's Eighth Amendment claims fail. *See Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Estelle v. Gamble*, 429 U.S. 97, 102–03, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). We also note that the district court did not abuse its discretion by entering summary judgment in favor of Wagner, in spite of Palmer's claim that he did not receive an adequate opportunity for discovery. *See Vance v. United States*, 90 F.3d 1145, 1149 (6th Cir.1996).

Palmer failed to allege the existence of the elements necessary to prove his First Amendment retaliation claim. *See Thaddeus–X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc). Additionally, in light of Palmer's failure to establish a First or Eighth Amendment violation, the district court properly concluded that Palmer asserted no acts that would constitute punishment or otherwise implicate a liberty interest with respect to his Fourteenth Amendment procedural due process claim. *See generally Sandin v. Conner*, 515 U.S. 472, 482–83, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Because Palmer failed to allege a constitutional violation, the district

court properly concluded that Wagner was entitled to qualified immunity with respect to Palmer's First and Fourteenth Amendment claims. *See Mattox v. City of Forest Park*, 183 F.3d 515, 520–23 (6th Cir.1999).

We further conclude that the magistrate judge did not abuse his discretion by denying Palmer's motions for appointment of counsel, for an independent medical examination, and to show cause why Moersch, the health records manager, should not be held in contempt for refusing to obey a subpoena. *See Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366 (6th Cir.1997) (discovery sanctions); *Lavado v. Keohane*, 992 F.2d 601, 604–05 (6th Cir.1993) (appointment of counsel); *Rhodes v. McDannel*, 945 F.2d 117, 119 (6th Cir.1991) (regulation of discovery).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.