Floyd SPRUYTTE, Jr., and Edward
Rimka, Plaintiffs,

v.

Bonita HOFFNER, and Robert Collins,
in their official and individual capaci-
ties, and Bill Martin, in his official
capacity, Defendants.

No. 4:97–CV–100.

United States District Court,
W.D. Michigan,
Southern Division.

March 30, 2001.

James H. Geary, Howard & Howard,
PC, Kalamazoo, MI, for Plaintiffs.

John L. Thurber, Jennifer M. Granholm,
Attorney General, Corrections Division,
Lansing, MI, for Defendants.

## *OPINION*

QUIST, District Judge.

On February 9, 2001, this Court issued
its Findings of Fact and Conclusions of law
in this case in which it found that Defen-
dants violated Plaintiffs' First Amendment
rights by retaliating against them for writ-
ing a letter to a local newspaper in re-
sponse to a previous letter printed in the
newspaper on the subject of prison condi-
tions. The Court awarded damages to
Plaintiff Floyd Spruytte in the amount of
$3,830 and damages to Plaintiff Edward
Rimka in the amount of $2,930. Now be-
fore the Court are Defendants' motion for
a new trial and Plaintiffs' motion for fees
and costs pursuant to 42 U.S.C. § 1988.

## I. Motion For A New Trial

Defendants contend that they are enti-
tled to a new trial because the Court ap-
plied the wrong standard in finding for
Plaintiffs. The Court applied the law as
set forth by the Sixth Circuit in *Thad-
deus–X v. Blatter*, 175 F.3d 378 (6th Cir.
1999)(en banc)(per curiam). Defendants
contend that rather than the *Thaddeus–X*
standard, the Court should have applied
the "shocks the conscience" standard as
set forth in *McLaurin v. Cole*, 115 F.3d
408 (6th Cir.1997), and *Cale v. Johnson*,
861 F.2d 943 (6th Cir.1988). Defendants
contend that their argument is supported
by the Sixth Circuit's unreported decision

in *Thaddeus–X v. Wozniak,* 2000 WL 712383, 215 F.3d 1327 (6th Cir.2000), which Defendants contend stands for the proposition that the "shocks the conscience" standard must be applied to all prison retaliation claims that arose before the en banc opinion in *Thaddeus–X v. Blatter* was issued.

In *Thaddeus–X v. Wozniak,* the Sixth Circuit affirmed the district court's dismissal of the plaintiff's retaliation claim on the basis that the defendants were entitled to qualified immunity. *Wozniak,* 2000 WL 712383, at *2, 215 F.3d 1327. The Sixth Circuit determined that the defendants were entitled to qualified immunity because the law concerning a prisoner's retaliation claim was not "clearly established" for purposes of the qualified immunity defense prior to the time *Thaddeus–X v. Blatter* was decided, when the events in *Wozniak* occurred. *Id.*

The problem with Defendants' reliance on *Wozniak* is that, even if given precedential weight, the opinion dealt with application of the qualified immunity defense. In other words, the opinion does not hold that the *Thaddeus–X* First Amendment retaliation standard may never be employed to claims arising before the date *Thaddeus–X* was decided; rather, it establishes that if the defense of qualified immunity is raised in a First Amendment retaliation claim involving facts that occurred prior to the date *Thaddeus–X* was decided, the defendants should be entitled to dismissal on the qualified immunity defense because the law was not clearly established. Thus, when qualified immunity is not an issue, the Sixth Circuit applies the *Thaddeus–X* standard to prisoner First Amendment retaliation claims. *See Herron v. Harrison,* 203 F.3d 410, 414–15 (6th Cir.2000); *Robinson v. Shewalter,* 2000 WL 1829118, at *2, 238 F.3d 423 (6th Cir.2000); *Wojnicz v. Stegall,* 3 Fed.Appx.

312, 314 (6th Cir.2001); *Palmer v. Wagner,* 3 Fed.Appx. 329, 331 (6th Cir.2001).

 In this case, Defendants did not even raise qualified immunity as a defense to Plaintiffs' first amended complaint. In fact, Defendants proceeded to trial taking the position that the *Thaddeus–X* standard governed Plaintiffs' claims. For example, the elements of Plaintiffs' claim under *Thaddeus–X* are set forth in the joint statement of the case signed by Defendants' counsel. Similarly, in their proposed findings of fact and conclusions of law, Defendants analyzed Plaintiffs' claims by applying the *Thaddeus–X* standard. Moreover, Defendants never raised the "shocks the conscience" standard or the issue of qualified immunity during the pretrial conference or at trial. Therefore, the Court concludes that it applied the correct standard to Plaintiffs' claims, and Defendants' motion will be denied.

## II. Plaintiffs' Motion For Fees And Costs

Plaintiffs seek an award of attorney fees and costs pursuant to 42 U.S.C. § 1988. Section 1988 provides: "In any action or proceeding to enforce a provision of section[ ] ... 1981 ... of the Revised Statutes ... the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs ...." 42 U.S.C. § 1988(b). A plaintiff is considered a "prevailing party" if he obtains relief which "materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby,* 506 U.S. 103, 111–12, 113 S.Ct. 566, 573, 121 L.Ed.2d 494 (1992). In other words, a plaintiff who " 'succeed[s] on any significant issue in litigation which achieves some of the benefit the [plaintiff] sought in bringing suit' " is a prevailing party for purposes of attorney's fees. *Hensley v.*

*Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983)(quoting *Nadeau v. Helgemoe,* 581 F.2d 275, 278–79 (1st Cir.1978)). The Court finds that Plaintiffs are prevailing parties because they obtained a favorable determination on their claims.

" 'The primary concern in an attorney fee case is that the fee awarded be reasonable,' that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Adcock–Ladd v. Sec'y of Treasury,* 227 F.3d 343, 349 (6th Cir.2000)(quoting *Reed v. Rhodes,* 179 F.3d 453, 471 (6th Cir.1999)). The starting point in the analysis is the "lodestar figure," which is the product of the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *See Wayne v. Village of Sebring,* 36 F.3d 517, 531 (6th Cir.1994)(citing *Hensley,* 461 U.S. at 433, 103 S.Ct. at 1939).

Plaintiffs' counsel seeks an award for 183.4 hours of attorney time and 67.55 hours of law clerk time spent on the case. Defendants do not argue that the hours requested are excessive or unnecessary to prosecution of the case. Ordinarily, it would only be necessary for the Court to determine a reasonable hourly rate in order to compute the lodestar amount. However, because Plaintiffs are prisoners, their request for fees is subject to the provisions of § 803(d) of the Prison Litigation Reform Act of 1995 ("PLRA"), 110 Stat. 1321–66, 42 U.S.C. § 1997e(d), which provides:

> **(d) Attorney's fees.** (1) In any action brought by a prisoner who is confined to any jail, prison, or other correctional facility, in which attorney's fees are authorized under [section 1988 of this title], such fees shall not be awarded, except to the extent that—
>> (A) the fee was directly and reasonably incurred in proving an actual violation of the plaintiff's rights protected by a statute pursuant to which a fee may be awarded under [section 1988 of this title]; and (B)(i) the amount of the fee is proportionately related to the court ordered relief for the violation; or
>> (ii) the fee was directly and reasonably incurred in enforcing the relief ordered for the violation.
> (2) Whenever a monetary judgment is awarded in an action described in paragraph (1), a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney's fees awarded against the defendant. If the award of attorney's fees is not greater than 150 percent of the judgment, the excess shall be paid by the defendant. (3) No award of attorney's fees in an action described in paragraph (1) shall be based on an hourly rate greater than 150 percent of the hourly rate established under section 3006A of Title 18, for payment of court-appointed counsel. (4) Nothing in this subsection shall prohibit a prisoner from entering into an agreement to pay an attorney's fee in an amount greater than the amount authorized under this subsection, if the fee is paid by the individual rather than by the defendant pursuant to [section 1988 of this title].

42 U.S.C. § 1997e(d).

The provisions in §§ 1997e(d)(2) and (3) impose separate caps on attorney fee awards to prevailing plaintiffs in prisoner litigation. The cap in § 1997e(d)(2) limits the liability of defendants for attorney fees to 150 percent of any monetary judgment awarded by the court, less an amount to be credited from the judgment not to exceed 25 percent of the judgment amount. *See* 42 U.S.C. § 1997e(d)(2). The second cap is a cap on the hourly rate, which may not exceed 150 percent of the hourly rate es-

tablished under 18 U.S.C. § 3006A. *See* 42 U.S.C. § 1997e(d)(3).

Based upon the rates of $70 per hour for in-court time and $50 per hour for out-of-court time in effect for this district, the maximum fees in this case would be $105 per hour and $75 per hour. Using those rates, Plaintiffs would be entitled to a total fee of $19,211.25. However, the calculation does not end there because the Court must also consider the award cap under § 1997e(d)(2). In light of the Sixth Circuit's decision in *Hadix v. Johnson*, 230 F.3d 840 (6th Cir.2000), upholding the constitutionality of the hourly rate cap in § 1997e(d)(3) against an equal protection challenge, Plaintiffs note that they are choosing not to challenge the constitutionality of that provision. On the other hand, it is not clear to this Court whether Plaintiffs do intend to challenge the constitutionality of § 1997e(d)(2). Plaintiffs merely acknowledge the existence of the provision and note that one court in the Eastern District of Michigan has found the cap to be unconstitutional. (Pl.'s Br. Supp. Mot. for Fees & Costs at 4 (citing *Walker v. Bain*, 65 F Supp.2d 591 (E.D.Mich.1999)).) Due to the fact that Plaintiffs do not make any specific arguments regarding the constitutionality of § 1997e(d)(2), the Court determines that no such challenge is raised. In any event, even if Plaintiffs had made such an argument, this Court would follow the reasoning by the Sixth Circuit in *Hadix* because it appears that the rationale basis cited in *Hadix* for upholding the attorneys fee cap, i.e., to deter frivolous or marginal suits by prisoners and protect state and federal treasuries from depletion due to payment of prisoners' attorney's fees, *see Hadix*, 230 F.3d at 845, would also apply to the fee cap. Therefore, the Court will apply § 1997e(d)(2) to the fee award in this case.

■ Applying the 150 percent cap to the judgment amount of $6,760 yields a maximum fee of $10,140. The Court must also reduce the fee award by a portion of the judgment, not to exceed 25 percent of that amount, to satisfy a part of the fee award. Accordingly, the fee award will be reduced by $1,690 (25% of $6,760), with each Plaintiff paying one-half of that amount from the judgment as attorney's fees. Thus, Defendants' total liability for fees is $8,450 ($10,140—$1,690).

Plaintiffs have also requested an award of costs in the amount of $3,474.49, which includes the filing fee requested by Plaintiffs in their amended motion taxing costs. Defendants have not objected to any of the costs sought by Plaintiffs and, having reviewed those costs, the Court finds that they were reasonably incurred and are properly recoverable. Thus, Plaintiffs will also be awarded their costs.[1]

### Conclusion

For the foregoing reasons, the Court will deny Defendants' motion for a new trial. The Court will also award Plaintiffs attorney fees in the amount of $8,450 and costs in the amount of $3,474.49.

An Order consistent with this Opinion will be entered.

### ORDER

In accordance with the Opinion this date,

IT IS HEREBY ORDERED that Defendants' Motion For A New Trial (docket no. 105) is DENIED.

---

1. Plaintiffs have requested an award of attorney's fees for preparing their fee motion. Because Plaintiffs have already been awarded the statutory limit of fees under § 1997e(d), the Court need not address that request.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion For Fees And Costs Under 42 U.S.C. § 1988 (docket no. 106) is **GRANTED IN PART** and Plaintiffs' Amended Motion Taxing Costs (docket no. 113) is **GRANTED**. Plaintiffs are awarded attorney fees in the amount of $10,140, $1,690 of which shall be paid from the judgment amount awarded to Plaintiffs, thereby reducing Defendants' liability for fees to $8,450. In addition, Plaintiffs shall recover from Defendants $3,474.49 in costs. This case is closed.