Frank FARELLA, Plaintiff,

v.

Dennis HOCKADAY and Rickey
Skelton, Defendants.

No. 00–CV–3021.

United States District Court,
C.D. Illinois,
Urbana Division.

Jan. 16, 2004.

Marc R. Kadish, Bennett Lasko, William B. Berndt, Mayer, Brown, Rowe & Maw, L.L.P., Chicago, IL, for plaintiff.

Julie L. Morgan, Office of Illinois Attorney General, Springfield, IL, for defendant.

## ORDER

McCUSKEY, District Judge.

A jury trial was held March 17, 2003, on Plaintiff's claim that the defendants used excessive force against him in violation of his Eighth Amendment rights, during his incarceration at Logan Correctional Center. On March 19, 2003, the jury returned a verdict in favor of Defendant Hockaday and against Defendant Skelton in the amount of $1,000. This court denied Defendant Skelton's Renewed Motion for Judgment as a Matter of Law, or in the Alternative for New Trial on April 23, 2003 (# 116), and the case is now on appeal.

■ Before the court is Plaintiff's Revised Bill of Costs and Application for Attorneys' Fees (# 132), Defendant Skelton's Objections (# 134), and Plaintiff's Response to Defendant's Objections (# 139). Though an appeal on the merits is pending, the court retains jurisdiction to rule on ancillary matters, such as attorneys' fees and costs. *Kusay v. United States,* 62 F.3d 192, 194 (7th Cir.1995); *Terket v. Lund,* 623 F.2d 29, 33–34 (7th Cir.1980)(district court should rule on attorneys' fees motion while appeal pending; ruling may then be appealed and consolidated with appeal on merits).

After careful consideration of the parties' arguments, this court awards $1,500 in attorneys' fees and $1,599.88 in costs to Plaintiff's attorneys. This court further applies $100 of the plaintiff's judgment to satisfy the fee award.

1. PLAINTIFF'S ATTORNEYS FEES

Plaintiff initially sought $29,823.95 in fees and costs (# 117, 118), but reduced the request to $3,235.88, in light of the Seventh Circuit's intervening opinion in *Johnson v. Daley,* 339 F.3d 582 (7th Cir. 2003), *cert. denied,* 72 USLW 3373, ——

U.S. ——, —— S.Ct. ——, 2004 WL 547020 (2003)(No. 03–732). *Johnson* upheld, on equal protection grounds, a cap on fee awards in civil rights cases filed by prisoners to 150% of the judgment. 42 U.S.C. Section 1997e(d)(2).

42 U.S.C. Section 1988(b) permits the court to allow reasonable attorneys' fees to a prevailing party in a civil rights action under 42 U.S.C. Section 1983. However, the Prison Litigation Reform Act of 1995 ("PLRA") establishes additional limitations on those fees in cases brought by prisoners. The fee must be "directly and reasonably incurred in proving an actual violation of the plaintiff's rights," 42 U.S.C. Section 1997e(d)(1)(A), and "the amount of the fee [must be] proportionately related to the court ordered relief for the violation," 42 U.S.C. Section 1997e(d)(1)(B)(i). The hourly rate is capped at 150 percent of the rate for court-appointed counsel under 18 U.S.C. Section 3006A, and attorneys fees are effectively capped at 150% of the judgment. 42 U.S.C. Section 1997e(d)(3) [1]; 42 U.S.C. Section 1997e(d)(2) [2]. Additionally, "a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney's fees awarded against the defendant." 42 U.S.C. Section 1997e(d)(2). Compensatory damage awards must also be "paid directly to satisfy any outstanding restitution orders pending against the prisoner" before the plaintiff receives the balance. *Prison Litigation Reform Act of 1995*, Section 807 (statutory note to 18 U.S.C.A Section 3626).

Plaintiff concedes that the Seventh Circuit's decision in *Johnson v. Daley*, 339 F.3d 582 (7th Cir.2003), upholding the constitutionality of the fee cap, precludes his argument otherwise, at least until *Johnson* is reversed or revisited. (Plaintiff's Revised Bill of Costs, # 132, p. 3, n. 4). The maximum fees this court may award is therefore $1,500.

■ Defendant Skelton argues that $1,500 in fees is not proportionately related to the judgment. He maintains that the jury's award of $1,000.00 shows that "they [the jury] apparently believed the violation was insignificant." (Def.Memorandum, # 135, p. 5). He asserts that an award of $750.00 would be proportional.

■ The court disagrees that a jury award of $1,000 in a prisoner civil rights case is insignificant. Rare is the prisoner who succeeds in winning a case at all, much less winning more than nominal damages. "Proportionately related" does not mean the fee award must be less than the judgment. In fact, 42 U.S.C. Section 1997e(d)(2) contemplates that up to 150% of the judgment may be awarded as fees, and has been according to this court's research. *See, e.g., Lawrence v. Bowersox*, 297 F.3d 727 (8th Cir.2002); *Spruytte v. Hoffner*, 197 F.Supp.2d 931 (W.D.Mich. 2001); *Carbonell v. Acrish*, 154 F.Supp.2d 552 (S.D.N.Y.2001). The Eighth Amendment right at issue here, the right to be free from excessive force, is one of a prisoner's most important rights. This court concludes that $1,500 in attorneys fees is

---

1. Defendant Skelton does not dispute Plaintiff's assertion that the applicable hourly rate is $135 per hour. *See* 18 U.S.C. Section 3006A; 42 U.S.C. Section 1997e(d)(3); Plaintiff's Original Bill of Costs, # 117, p. 3; *Chatmon v. Winnebago County*, 2003 WL 22922239 (N.D.Ill.2003)(recommending $135 rate); *cf. Johnson v. Daley*, 339 F.3d 582, 583, n. 1 (using implied PLRA hourly rate of $135, but declining to address whether $135.00 or $169.50 was the correct rate).

2. This section literally caps the defendants' *liability* for the attorneys fees awarded, not the award itself. The difference is inconsequential here, where the plaintiff is proceeding *pro se*.

proportionately related to the jury award of $1,000.

■ Defendant Skelton also asserts that no fees attributable to Plaintiff's claim against Defendant Hockaday should be awarded, since Plaintiff did not prevail against Defendant Hockaday. Defendant Skelton, however, does not detail which fees he believes were incurred primarily on Defendant Hockaday's behalf. Such parsing would be impossible, since both Hockaday and Skelton were accused of excessive force in the same incident. The court agrees with Plaintiff that the claims against both "involve[d] a common core of facts," that is, what happened in Plaintiff's cell on February 25, 1998. *See Gregory v. Weigler,* 873 F.Supp. 1189, 1194 (C.D.Ill. 1995), *citing Wallace v. Mulholland,* 957 F.2d 333, 339 (7th Cir.1992)(*quoting Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). Defendant Hockaday's testimony at trial would have been central even if he had not been named as a defendant, since he was a participant and an eyewitness. In any event, attempting to separate time spent on Plaintiff's case against Defendant Hockaday is a useless endeavor, given the $1,500 cap. The applicable hourly rate of $135 amounts to about eleven hours of one attorney's time, in light of the cap ($1,500 divided by 135). Eleven hours does not even cover one attorney's time for the jury selection and trial.[3]

■ Defendant Skelton presses to apply 25% of the plaintiff's judgment to the fee award. 42 U.S.C. Section 1997e(d)(2) directs that "[w]henever a monetary judg-ment is awarded in an action described in paragraph (1), a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney's fees awarded against the defendant."

The Seventh Circuit's majority opinion in *Johnson v. Daley,* 339 F.3d 582, 585 (7th Cir.2003) states in dicta that, "[a]s we read subsection (2), attorneys' compensa-tion comes *first* from the damages, as in ordinary tort litigation, and only if 25% of the award is inadequate to compensate counsel fully may defendant be ordered to pay more under Section 1988."[4] (Empha-sis in original). In support, the majority in *Johnson* cited *Gisbrecht v. Barnhart,* 535 U.S. 789, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002), but that case involved whether attorney fee limitations in the Social Secu-rity Act displaced contingent-fee agree-ments. Additionally, *Johnson* did not specifically calculate the fee award or per-centage set-off, but instead "remanded for an award of attorneys' fees that complies with Section 1997e(d)." 339 F.3d at 598.[5] This court does not believe the statement in *Johnson* answers unequivocally wheth-er 25% is mandatory, since the question was not directly presented there.

Some courts read Section 1997e(d)(2) as giving them the discretion to set the per-centage at less than 25%. *See e.g., Law-rence v. Bowersox,* 297 F.3d 727, 735 (8th Cir.2002)(remanding for set off not exceed-ing 25%; on remand, $50 of the $15,000 award was applied to fees); *Carbonell v. Acrish,* 154 F.Supp.2d 552 (S.D.N.Y. 2001)(no set-off, per agreement of parties); *Sutton v. Smith,* 2001 WL 743201 (D.Md.

---

**3.** The cap makes a *Lodestar* analysis unneces-sary, since eleven hours of attorney time is easily justified for the two-day trial alone. This trial time was obviously "directly and reasonably incurred in proving an actual vio-lation of the plaintiff's rights." 42 U.S.C. Section 1997e(d)(1)(A).

**4.** Five judges joined in the majority opinion (one filing a concurring opinion) and five judges dissented.

**5.** On remand, the district court applied $200 of the $40,000 judgment toward the fee award (one-half percent). *Johnson v. Daley,* 98–C–518–C, 2003 WL 23274532 (W.D.Wis.2003).

2001)($1.00 set off from $19,000.00 judgment); *Morrison v. Davis,* 88 F.Supp.2d 799, 811 (S.D.Ohio 2000)($1.00 of $15,000.00 judgment applied as set-off for fees); *Collins v. Algarin,* 1998 WL 10234 at *10 (E.D.Pa.1998)(noting that a minimum percentage was not required, but not determining the percentage at that time); *Clark v. Phillips,* 965 F.Supp. 331 (N.D.N.Y.1997)(noting that less than 25% could be applied, but applying 25% since party did not object).

Other courts have concluded that 25% is not a ceiling, but an automatic percentage applied in every case. *Jackson v. Austin,* 267 F.Supp.2d 1059, 1071 (D.Kan.2003); *Searles v. Van Bebber,* 64 F.Supp.2d 1033, 1042 (D.Kan.1999), *vacated and remanded on other grounds,* 251 F.3d 869 (10th Cir. 2001). As already stated, the Seventh Circuit appears to have taken this position in dicta in *Johnson,* as well as the Sixth Circuit in *Walker v. Bain,* 257 F.3d 660, 669 (6th Cir.2001).

Still other courts have applied 25%, without directly answering whether that percentage is automatically required. *See Beckford v. Irvin,* 60 F.Supp.2d 85 (W.D.N.Y.1999); *Spruytte v. Hoffner,* 197 F.Supp.2d 931 (W.D.Mich.2001).

■ It is clear that Section 1997e(d)(2) requires some of the fee award to be satisfied from the plaintiff's judgment. This is consistent the section's other limits on fee shifting, and consistent in the overall context of the PLRA, which requires prisoners to bear a portion of the cost of their litigation, whether successful or not. *See, e.g.,* 28 U.S.C. Section 1915(b)(1)(requiring prison proceeding *in forma pauperis* to pay full filing/appellate fee in installments). However, this court concludes that Section 1997e(d)(2) does not require 25% be applied in all cases. The section's plain language sets forth 25% as the maximum, not the mandatory amount. *See Smith v. Zachary,* 255 F.3d 446, 448 (7th Cir.

2001)("plain meaning rule is applicable when the statutory language is clear, unambiguous, and not controlled by other parts of the act or other acts on the same subject"). It clearly contemplates that less than 25% may be applied—"a portion of the judgment (*not to exceed* 25%) ..." 42 U.S.C. Section 1997e(d)(2)(emphasis supplied). Giving the courts this discretion is consistent with the courts' discretion in other parts of Section 1997e(d): for example, the discretion to determine what is "proportionately related," and the discretion to award less than the maximum hourly rate. 42 U.S.C. Section 1997e(d)(1)(B)(i); 42 U.S.C. Section 1997e(d)(3); *see Searles v. Van Bebber,* 64 F.Supp.2d at 1036 (D.Kan.1999)(stating that attorney experience was important fact in determining hourly rate, but admitting that the maximum rates were so low that most attorneys will deserve maximum rate)(*vacated on other grounds,* 251 F.3d 869). That discretion makes the court's job more difficult, as no further statutory guidance is given, but not impossible. As with other discretionary decisions, the court must consider the facts and circumstances of each case individually and support its decision with sound reasoning.

Having carefully considered this case, this court determines that 10 percent, or $100, of the plaintiff's judgment should be applied against the attorneys' fees awarded. Ten percent is more than a de minimus amount (particularly to a pro se plaintiff), honoring Section 1997e(d)(2)'s intent to hold the plaintiff responsible for a portion of the attorneys' fees awarded. The amount is sufficiently high to recognize that the plaintiff did not succeed in his claim against defendant Hockaday and did not recover punitive damages. The amount is sufficiently low to recognize the plaintiff's pro se status, the fact that counsel was appointed by the court pro bono, and the seriousness of the constitutional

violation. Plaintiff submitted sufficient evidence for the jury to find that Defendant Skelton initiated the incident maliciously, to harm Plaintiff for not cooperating as his "stool pigeon." (Trial Tr., p. 17, L. 10–18). The plaintiff wound up with numerous stitches in his ear as a result, not an insignificant injury.

## 2. PLAINTIFF'S COSTS

Plaintiff originally sought over $5,300 in costs. (Plaintiff's Addendum to Bill of Costs, # 118). He has since reduced his request by more than $3,600. (Plaintiff's Revised Bill, # 132).

Plaintiff now seeks $1,735.88 in costs for deposition and witness fees:

| | |
|---|---|
| Court Reporter and Transcript Fees | $1,456.88 |
| Fees for Service of Summons and Subpoena | 279.00 |
| Total | $1,735.88 |

Under Federal Rule of Civil Procedure 54(d), "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." The costs recoverable under Rule 54(d) are listed in 28 U.S.C. Section 1920. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987). These are:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. Section 1920. Deposition costs and transcripts are included as costs under 28 U.S.C. Section 1920(2). *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 945 (7th Cir.1997).

Defendant Skelton maintains that Plaintiff's counsel failed to submit an affidavit with the Revised Bill, rendering his documentation inadequate. He asserts that counsel's declaration (on the form required by the Central District) that the costs were actually and necessarily performed is too conclusory to support an award. Defendant Skelton invites this court to deny the costs in total, or to "carefully scrutinize the Revised Bill of Costs and Attorneys Fees and reduce any award accordingly ..." (Def.Memorandum, # 134, pp. 2–3).

The court finds no merit in Defendant Skelton's argument. Plaintiff's averment is on the form required by this District, and his attachments show clearly the nature and amount of each charge. The purpose of each charge is obvious and requires no further explanation: each charge relates to the depositions of Defendant Skelton, Defendant Hockaday, John Schonauer (who investigated the incident), and Dr. Elyea (who was prepared to testify about the nature and extent of the plaintiff's injuries).

As with the fees, Defendant Skelton argues that Plaintiff cannot recover costs associated with his case against Defendant Hockaday. For example, he posits that "[t]he jury specifically found that Defendant Hockaday did not bite Plaintiff's ear. As such, Plaintiff is not entitled to recover costs associated with Defendant Hockaday and the allegations concerning Plaintiff's ear." (Def.Memorandum, # 135, p. 7). Defendant Skelton argues the same for costs associated with Defendant Hockaday's alleged squeezing of Plaintiff's throat and genitalia. *Id.* Defendant Skel-

ton concludes that the following costs should not be allowed: Defendant Hockaday's deposition; mini-scripts of all depositions; and witness, subpoena and deposition fees for Dr. Elyea.

Defendant Skelton's focus on the plaintiff's specific allegations against defendant Hockaday is misplaced. As stated earlier, defendant Hockaday was also an eyewitness to the excessive force, as well as an alleged participant and defendant. Even if Defendant Hockaday had not been a defendant, his deposition would have been reasonable and necessary in preparation for trial against Defendant Skelton, and his presence at the trial would have been essential for both sides.

██ As for Dr. Elyea, the defendants sought to call Dr. Elyea as a witness, making his deposition reasonable and necessary from Plaintiff's perspective. (Final Pretrial Order, # 75, Exhibit D). Plaintiff deposed Dr. Elyea to learn the nature of his testimony, which led to a successful motion in limine to exclude Dr. Elyea's testimony. (Plaintiff's Motion in Limine, # 73; 3/12/03 Court Order, # 94). That some of Dr. Elyea's testimony related to the cause of the plaintiff's ear injury did not render him unnecessary to depose. *See Majeske v. City of Chicago,* 218 F.3d 816, 825 (7th Cir.2000)("introduction of testimony from a transcript is not a prerequisite for finding that it was necessary"). Similarly, the deposition of John Schonauer, who investigated the incident, was reasonable and necessary in preparation for trial.[6]

██ However, the court will reduce the costs allowed by the charges for the diskettes and the "mini-scripts" produced of the depositions, as these were more for convenience rather than necessity. *See Williams v. Valtierra,* 2002 WL 424634 (N.D.Ill.2002)(reducing costs requested by

amount for "extras such as reduced-type extra copies of depositions and ASCII disks"). These costs amount to $136.00 ($160 total, less 15% discount given to counsel's firm). Defendant Skelton makes no other specific objections to Plaintiff's Revised Bill of Costs, and the court determines from its review that those costs were reasonably and necessarily incurred.

IT IS THEREFORE ORDERED THAT Plaintiff's Revised Bill of Costs and Application for Attorneys' Fees is Allowed in Part (# 132). Plaintiff's attorneys are awarded $1,500.00 in attorneys' fees and $1,599.88 in costs. This court further applies $100.00 of the plaintiff's $1,000.00 judgment to satisfy the attorneys' fee award, effectively reducing Defendant Skelton's liability for attorneys' fees to $1,400.00.

---

**6.** Defendant Skelton does not specifically ob-    ject to Schonauer's deposition.