Surprenant v. Rivas, et al.          CV-02-391-JD   08/17/04
                UNITED STATES DISTRICT COURT FOR THE
                     DISTRICT OF NEW HAMPSHIRE

Jason Surprenant

        v.                              Civil No. 02-391-JD
                                        Opinion No. 2004 DNH 123
Cesar Rivas, et al.


                          O R D E R


        Following the jury's verdict on June 14, 2004, judgment was

entered in favor of Jason Surprenant on three claims brought

pursuant to 42 U.S.C. § 1983 against defendants Cesar Rivas,

Teresa Pendleton, and Superintendent James O'Mara, Jr., in his

official capacity.  Rivas, Pendleton, and O'Mara move for

judgment as a matter of law pursuant to Federal Rule of Civil

Procedure 50(b).  Surprenant moves for an award of attorney's

fees and costs pursuant to 42 U.S.C. § 1988.  The pending motions

are resolved as follows.


I.  Defendants' Motion for Judgment as a Matter of Law

        The defendants move for judgment as a matter of law pursuant

to Rule 50(b) on the grounds of insufficient evidence and

qualified immunity.  Surprenant objects to the motion on the

grounds that the defendants failed to move for judgment as a

matter of law at the close of all the evidence, as is required

under Rule 50(b), and that the defendants would not be entitled

to judgment in any event.

Rule 50(b) allows a movant to renew a motion for judgment as a matter of law within ten days after the entry of judgment. A prerequisite to a post-trial motion is that the movant made a motion under Rule 50(a) "at the close of all the evidence." "Failure to file a motion for judgment as a matter of law at the close of all the evidence pretermits the filing of a post-trial motion for that relief." Muniz v. Rovira, 373 F.3d 1, 5 n.2 (1st Cir. 2004); see also Cantellops v. Alvaro-Chapel, 234 F.3d 741, 743 (1st Cir. 2000); Simon v. Navon, 71 F.3d 9, 13 (1st Cir. 1995).

Counsel for the defendants represents that he made an oral motion for judgment as a matter of law at the close of the plaintiff's case. No written motion was filed at the close of all the evidence. The court reviewed the pertinent part of the trial transcript and found that no oral motion was made at the close of the evidence. After the jury instructions were complete, the defendants' counsel argued that he disagreed with the instruction on Surprenant's claim that O'Mara violated the Fourteenth Amendment by failing to give him credit for time served in the restricted housing unit because there was no evidence to support claim. Counsel said "my motion on that basis is really on the directed verdict grounds." The court understood

2

counsel's remarks as objections to the jury instructions, not as a motion for a judgment as a matter of law.  In any event, the jury found in O'Mara's favor on that claim.

Therefore, because the defendants failed to comply with the requirements of Rule 50(b), their motion is denied.


II.  Motion for Attorney's Fees

The Fees Act, 42 U.S.C. § 1988, gives courts discretion to award reasonable attorney's fees to a prevailing party who brings suit under § 1983.  A mixed result in a civil rights suit, in which the plaintiff achieves success on some but not all of his claims, does not preclude an award of attorneys' fees under § 1988.  Diaz-Rivera v. Rivera-Rodriguez, 2004 WL 1730130, at *4 (1st Cir. Aug. 3, 2004).  An award of only nominal damages also does not preclude prevailing party status.  Id.  Instead, "'[o]nce civil rights litigation materially alters the legal relationship between the parties, the degree of the plaintiff's overall success goes to the reasonableness of a fee award under Hensley v. Eckerhart, 461 U.S. 424, [] (1983).'"  Id. at *5 (quoting Farrar v. Hobby, 506 U.S. 103, 114 (1992)) (additional internal quotation marks omitted).

Surprenant is a prevailing party for purposes of § 1988, having succeeded on his claims against defendants Cesar Rivas and

3

Teresa Pendleton and on one of his claims against Superintendent James O'Mara, Jr., in his official capacity. The jury found that Rivas violated Surprenant's Fourteenth Amendment rights by making a false accusation against him, that Pendleton violated Surprenant's Fourteenth Amendment rights in the course of the disciplinary proceeding brought against him, and that O'Mara, in his official capacity, violated Surprenant's Fourteenth Amendment rights because of the conditions in the restricted housing unit in the jail. The jury awarded nominal and punitive damages to Surprenant on his claims against Rivas and Pendleton and nominal damages on his claim against O'Mara. Judgment was entered in favor of defendants Ryan LaVierge and John LeBlanc on Surprenant's excessive force claim and in favor of O'Mara on Surprenant's claim based on O'Mara's failure to give him credit for the time he spent in the restricted housing unit.

The Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, cabins the courts' discretion in awarding fees when an incarcerated prisoner is a prevailing party under § 1988. See Boivin v. Black, 225 F.3d 36, 39-42 (1st Cir. 2000) (discussing PLRA fee cap and holding it to be constitutional). When a monetary judgment is awarded in a prisoner case, "a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney's fees awarded against the

4

defendant.  If the award of attorney's fees is not greater than 150 percent of the judgment, the excess shall be paid by the defendant."  § 1997e(d)(2).  In addition, the hourly rate used to calculate fees is limited to 150 percent of the hourly rate established under 18 U.S.C. § 3006A for payment of court-appointed counsel.  § 1997e(d)(3).

Jason Surprenant seeks an award of $46,858.50 in attorney's fees and $3,897.72 in costs.  He also seeks an additional award of $1,404.00 for 10.4 hours his attorney spent preparing his response to the defendants' Rule 50(b) motion.  The defendants object to Surprenant's requests for fees, contending that the amount of any fees awarded is subject to the restrictions of § 1997e(d) and must reflect Surprenant's limited success in the case.

A.  Calculation of Fees

In calculating the amount of an award of fees under the Fees Act, the court first finds the lodestar amount by determining "'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'"  Gay Officers Action League v. Puerto Rico, 247 F.3d 288, 295 (1st Cir. 2001).  The hourly rate of $135.00 used in the request for fees comports with the requirements of § 1997e, and the defendants do not contest

5

the rate.[1]

Surprenant's attorney, Michael Sheehan, provides his affidavit and records of the time he spent on Surprenant's case. Surprenant, proceeding pro se, filed suit on August 22, 2002. Sheehan's time records for the case begin on October 23, 2002, with a notation of a half hour used to review correspondence from Surprenant and the court docket. Sheehan filed his appearance on December 6, 2002.

The records show time for conferring with other prisoners involved in the events that lead to Surprenant's complaint, most of whom were witnesses in this case. Sheehan represents several of those prisoners in related litigation and unsuccessfully attempted to add several of them as plaintiffs in this case. To the extent Sheehan's records suggest time spent on behalf of other clients, in anticipation of adding them as additional plaintiffs in this case or otherwise, that time is not compensable here.[2]  Therefore, fourteen hours are deducted from

---

[1]When the market rate is used to calculate an award of fees, more mundane work such as record-keeping activities are awarded at a lower hourly rate than core activities associated with representation. See Brewster v. Dukakis, 3 F.3d 488, 494 (1st Cir. 1993).

[2]The court has carefully reviewed the time records and has found a total of fourteen hours that appear to have been used in the unsuccessful effort to include other prisoners in this case between November 4, 2002, and January 21, 2003.

the total hours claimed, making the revised total 333.10 hours.

The degree of the plaintiff's success must be considered in calculating an award of attorney's fees. Hensley, 461 U.S. at 436-37. Where, as here, the successful and unsuccessful claims are interrelated, the court may identify and deduct the time spent on unsuccessful claims or it "'may simply reduce the award to account for the limited success.'"[3] Diaz-Rivera, 2004 WL 1730130, at *6 (quoting Andrade v. Jamestown Hous. Auth., 82 F.3d 1179, 1191 (1st Cir. 1996)). The court is to "award only that amount of fees that is reasonable in relation to the results obtained." Andrade, 82 F.3d at 1191. The term "results obtained" is best understood to mean a combination of "the plaintiff's success claim by claim, . . . the relief actually achieved, [and] the societal importance of the right which has been vindicated." Coutin v. Young & Rubicam P.R., Inc., 124 F.3d 331, 338 (1st Cir. 1997).

Because Surprenant's claims are factually intertwined and do not permit parsing Sheehan's time among them, the court chooses instead to reduce the award as may be necessary to account for his limited success. Surprenant reduced the number of his claims

---

[3]The court agrees with Surprenant that the witnesses at trial largely overlapped as to the successful and unsuccessful claims and finds no basis to attempt to divide counsel's time between those claims.

7

and voluntarily dismissed some of the defendants before trial. Under the circumstances, the dismissal of those claims should not be considered in the analysis of the results he obtained. The three claims on which Surprenant prevailed are highly significant. Society expects prisoners to be treated humanely, to be provided with a fair disciplinary process when charges are brought against them arising out of alleged misconduct while incarcerated, and to be free from false accusations by prison staff. The verdict in this case should act as a catalyst for change in certain practices at the Hillsborough County Department of Corrections. Surprenant's claims were not frivolous.

The excessive force claims against LaVierge and LeBlanc arose from the circumstances created by Rivas's false accusation against Surprenant. The claim against LeBlanc, who was a supervisory officer, was derivative of the claim against LaVierge. These claims were an important aspect of the trial and consumed a significant amount of time. However, many and perhaps most of the witnesses also testified about Rivas's false accusation. The unsuccessful claim that O'Mara unconstitutionally withheld credit for the time Surprenant was held in the restricted housing unit was a less important issue at trial. Although Surprenant was awarded only nominal damages on his successful claim against O'Mara, punitive damages were not

8

available because the claim was brought against O'Mara in his official capacity.

Therefore, some reduction of the lodestar amount is necessary to reflect Surprenant's less-than-complete success. It would not be reasonable or equitable, however, to reduce the award by a significant amount. The lodestar amount is 333.10 hours multiplied by $135.00, which totals $44,968.50. To reflect Surprenant's somewhat limited success, the amount is reduced by $10,000.00 to $34,968.50.

B. <u>Cap Pursuant to § 1997e(d)(2)</u>

Section 1997e(d)(2) caps an attorney's fee award at 150 percent of the monetary judgment. In contrast, when an incarcerated plaintiff is successful in achieving relief other than money damages, § 1997e(d)(1) requires that an award of fees be "directly and reasonably incurred in proving an actual violation of the plaintiff's rights," and "proportionately related to the court ordered relief for the violation" or "directly and reasonably incurred in enforcing the relief ordered for the violation," without a cap on the amount to be awarded. The First Circuit has suggested that the cap imposed by § 1997e(d)(2) on fees generated in cases seeking money damages would not apply in a hybrid case "in which the court orders non-

9

monetary redress (say, an injunction) along with a monetary judgment." Boivin, 225 F.3d at 41, n.4. Other circuits have followed that suggestion. See, e.g., Dannenberg v. Valadez, 338 F.3d 1070, 1074 (9th Cir. 2003); Walker v. Bain, 257 F.3d 660, 667 n.2 (6th Cir. 2001).

In his first amended complaint, Surprenant requested both declaratory and monetary relief. However, the only verdict in this case was rendered by the jury on Surprenant's claims for monetary relief. Declaratory relief, as an equitable remedy, is granted by the court, not the jury. 28 U.S.C. § 2201; Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 510 (1959). Therefore, the jury's verdict, finding violations of Surprenant's constitutional rights, did not grant declaratory relief.

Surprenant did not ask the court to grant his claim for declaratory relief and no such relief was ordered by the court. The judgment entered on June 15, 2004, does not include declaratory relief. Surprenant did not move to amend the judgment to include declaratory relief. Therefore, because the court did not order non-monetary relief in this case, the § 1997e(d)(2) cap applies, and any award of fees is limited to 150 percent of the amount of damages awarded.

Surprenant was awarded a total of $20,503.00 in nominal and punitive damages. 150 percent of that amount is $30,754.50.

Therefore, Surprenant's request for fees must be capped at that amount.

C.   Supplemental Request for Fees

Surprenant moves for a supplemental award of attorney's fees for the time his attorney spent responding to the defendants' Rule 50(b) motion.[4]  Sheehan represents that he spent 10.4 hours on his objection to the motion and requests an award of $1,404.00 in fees.  Because Surprenant's request for fees already exceeds the cap allowed under § 1997e(d)(2), however, it is not necessary to consider whether or in what amount the supplemental request might be granted.  See Volk v. Gonzalez, 262 F.3d 528, 535-36 (5th Cir. 2001) (discussing application of § 1997e to post-trial motion for fees).  Therefore, the request is denied.

D.   Payment from Monetary Judgment

Section 1997(d)(2) also requires that a portion of the monetary judgment, but not more than twenty-five percent, be applied to pay any award of attorneys' fees.  As courts have noted, § 1997(d)(2) is poorly worded, which has resulted in

---

[4]Surprenant did not request additional fees for the time his attorney spent preparing the fee motions.

11

courts interpreting the statute differently.  See, e.g., <u>Farella</u> <u>v. Hockaday</u>, 304 F. Supp. 2d 1076, 1080-81 (C.D. Ill. 2004) (noting confusion and citing cases).  In the absence of guidance from the Supreme Court or the First Circuit, this court concludes that the better interpretation of § 1997e(d)(2) is to allow the court discretion to determine what percent, up to twenty-five percent, of the monetary judgment to apply to an award of fees.  See, e.g., <u>Lawrence v. Bowersox</u>, 297 F.3d 727, 735 (8th Cir. 2002); <u>Farella</u>, 304 F.3d at 1081.

Twenty-five percent of the judgment is $5125.75, which is the maximum amount of the fee award that could be ordered to be satisfied from the judgment.  In this case, the court concludes that $1000 is an appropriate amount.  Therefore, the defendants are required to pay the excess: **$29,754.50**


E.   <u>Request for Costs</u>

Reasonable out-of-pocket expenses, which were incurred in the course of representation and which would ordinarily be charged to the client, may be reimbursed as costs under § 1988. See <u>Poy v. Boutselis</u>, 352 F.3d 479, 490 (1st Cir. 2003); <u>R.I.</u> <u>Med. Soc'y v. Whitehouse</u>, ___ F. Supp. 2d ___, C.A. No. 97-416L (D.R.I. June 23, 2004) (publication pages not available). Surprenant requests reimbursement for $3,897.72 in costs incurred

12

primarily for transportation fees paid to the Hillsborough County Sheriff for transporting witnesses. Sheehan represents that he did not ask for other costs incurred in order to keep the request within a reasonable amount. The request is broken down into separate items with the amounts listed for each and is supported by the Sheehan's affidavit although copies of invoices or bills were not submitted.

The defendants mention Surprenant's request for costs in a footnote in their memorandum in support of their objection to his motion. They state that they would not contest the amount for the Sheriff's transportation services if invoices were provided. They challenge several other requests without any citation to authority or developed argument. The defendants' demand for invoices for the costs of transportation by the Hillsborough County Sheriff is unnecessary as the County has been a defendant in this case and should be able to access its own records.

More importantly, the defendants raise the issue of costs only briefly in a footnote. The First Circuit has "repeatedly held that arguments raised only in a footnote or in a perfunctory manner are waived." Nat'l Foreign Trade Council v. Natsios, 181 F.3d 38, 61 n.17 (1st Cir. 1999). The court finds that the request for costs in the amount of **$3,897.72** is reasonable under § 1988.

F.   Amount of Award

The defendants, Cesar Rivas, Theresa Pendleton, and Superintendent O'Mara, in his official capacity, shall pay **$29,754.50** in attorney's fees and **$3,897.72** in costs.


Conclusion

For the foregoing reasons, the defendants' motion to extend the deadline (document no. 92) is granted.  The defendants' motion for judgment as a matter of law (document no. 91) is denied.  The plaintiff's motion for an award of attorney's fees (document no. 88) is granted to the extent that defendants Cesar Rivas, Theresa Pendleton, and Superintendent O'Mara, in his official capacity, shall pay **$29,754.50** in attorney's fees and **$3,897.72** in costs.  The plaintiff's supplemental motion (document no. 98) is terminated.

The clerk of court shall enter a supplemental judgment accordingly and close the case.

SO ORDERED.


_____
Joseph A. DiClerico, Jr.
United States District Judge

August 17, 2004

cc:  John A. Curran, Esquire
     Michael J. Sheehan, Esquire

14